## Coccora *v.* Vicksburg Light & Traction Co.

[89 South. 257,  No. 21953.]

1. APPEAL AND ERROR. *Motion for new trial necessary when assignment of error based solely on objection to amount of verdict.*

Section 3, rule 6, of the Revised Rules of the supreme court (72 So. vii) dispenses with the necessity for a motion for a new trial when the error assigned is based upon any ruling made in the trial court, but, in the absence of error in any ruling of the trial court, this rule does not dispense with the necessity for a motion for a new trial when the assignment of error is based solely upon objection to the amount of the verdict.

2. APPEAL AND ERROR. *Errors affecting damages may be assigned without moving for new trial.*

Under section 3, rule 6, of the Revised Rules of the supreme court, if there are errors in the instructions, or other rulings of the trial court, which may have reasonably resulted in an award of improper damages, such erroneous rulings and the improper award of damages resulting therefrom may, on appeal, be assigned as error without making a motion for a new trial in the trial court.

3. STREET RAILROADS. *Automobile pasenger entitled to recover for concurring negligence of motorman and driver.*

In a suit against a traction company for personal injuries resulting from a collision between an automobile in which plaintiff was riding as a guest and a street car operated by the defendant company, where the plaintiff was free of negligence, and the evidence supports the conclusion that plaintiff's injury was the proximate result of the concurring negligence of the driver of the automobile and the motorman operating the street car, the plaintiff is entitled to recover full compensation for the injuries resulting from the concurring negligence of such driver and motorman.

4 STREET RAILROADS. *Instruction excluding automobile driver's negligence from damages to guest injured by street car held erroneous.*

In such case an instruction which excluded from the consideration of the jury all damages which resulted from the negligence of the driver of the automobile and limited the recovery to only such damages as were occasioned by the negligence of defendant was erroneous.

5. DAMAGES. *One hundred and seventy-five dollars, held inadequate for injuries from street car.*

Evidence examined, and *held* that, as compensation for the injuries suffered by plaintiff, a verdict for one hundred and seventy-five dollars, was grossly inadequate.

APPEAL from circuit court of Warren county.

HON. E. L. BRIEN, Judge.

Action by Rosario Coccora against the Vicksburg Light & Traction Company. From a judgment in his favor for less than amount demanded, plaintiff appeals. Affirmed in part, and reversed in part.

*J. D. Thames* and *Brunini & Hirsch,* for appellant.

There is a splendid exposition of the doctrine of identification or imputed negligence in Blakemore's Babbitt on Motor Vehicles, and we shall quote liberally therefrom.

As is shown in the opening section 773, the word "passenger" was selected as a general expression covering all persons occupying a vehicle, who are without authority to direct or control the occupants thereof, such as guests and friends invited to ride gratuitously, and also persons who pay a toll or fare for the privilege of riding, such a person was the appellant.

This rule, whereby the negligence of the driver is imputed to the passenger, was first promulgated in England and for a long time held sway in that country, from whence it obtained a foothold in a few of the American states, but never secured recognition through giving rise to much discussion.

*Thorogood* v. *Bryan* (C. B.), M. G. & S. 115, 122, is the leading case. In that case the English Common Pleas by MAULE, J., held that the passenger: "Having trusted the party by selecting the particular conveyance has so far identified himself with the owner and her servants that, of an injury results from their negligence, he must be considered a party to it. In other words, the passenger is so far identified with the carriage in which he is traveling,

that want of car on the part of the driver will be a defense of the driver of the carriage which directly caused the injury."

The doctrine is no longer followed in England, having been rejected in the Bernina. In the supreme court of the United States, its reasoning was considered in *Little* v. *Hackett,* 116 U. S. 366, 6 S. Ct. 391, and declared by Mr. Justice FIELD, to rest on indefensible ground. The principle was repudiated in Massachusetts in *Randolph* v. *O'Riordon,* 155 Mass. 331, 25 N .E. 583. See, also, *Allyn* v. *B. & A. R.,* 105 Mass. 77; *Shultz* v. *Old Colony St. Ry.,* 193 Mass. 309, *infra,* 79 N. E. 873.

Mears, in his work on The Law of the Motor Car (Eng.), page 61 considering *Thorogood* v. *Bryan, supra,* and the law of England as it is at present, remarks that the doctrine of that case was decried and discredited and formally overruled in England in 1887. He adds that the case of *Little* v. *Hackett,* embodies what is, no doubt, now the recognized rule of English law.

Shearman & Redfield on Negligence (5 Ed.), sec. 74, speaks of *Thorogood* v. *Bryan,* as a famous and now exploded decision. And Dr. Thompson remarks that it has been overruled in England and in most of the American states. (Thompson Com. on Negligence (2 Ed.), secs. 500, 501; see, also, *Wilson* v. *Puget Sound Electric Ry. Co.,* 52 Wash. 522, 101 Pac. 50; Blakemore's Babbitt on Motor Vehicles, sec. 1195, page 773. That doctrine has been repudiated in England and also generally throughout the United States.

Driver's negligence no longer imputable to passenger: The case of *Thorogood* v. *Bryan,* having been overruled and repudiated, the idea of imputed negligence no longer applies between the driver and the passenger, supplanted by a rule more consistent with common sense and the principles of justice. The late rule is not, however, without exception. In *Lawson* v. *Fond Du Lac,* 141 Wis. 57, 123 N. W. 629, it was held that a person in a private automobile on a dark, rainy night, cannot, in Wisconsin, recover for

injury from a defect in the road, the driver's negligence contributing to the accident. Blakemore's Babbitt on Motor Vehicles, sec. 1196, page 774.

The modern doctrine, generally; nearly all the American courts are agreed that where a person while riding on a private vehicle by the invitation of the driver, or the owner or the custodian of the vehicle and having no authority or control over the driver, and being under no duty to control his conduct, and having no reason to suspect any want of care, skill, or sobriety on his part, is injured by the concurring negligence of the driver and a third person or corporation the negligence of the driver is not imputed to him so as to prevent him from recovering damages from the other tortfeasor. Where one uninvited, or without the knowledge of the driver of a private vehicle, gets upon the same for the purpose of riding, and does ride thereon, the relation of the master and servant, or principal and agent is on no proper sense created thereby, and the negligence of the driver will not be imputed to such passenger. Blakemore's Babbitt on Motor Vehicles, sec. 1197, page 775. To the same effect are the following: Thompson Com. on Negligence (2 Ed.), sec. 502; *Rush* v. *Metropolitan St. Ry. Co.,* 157 Mo. App. 504, 137 S. W. 1029; Sight seeing automobile: *Wilson* v. *Puget Sound Elec. Ry. Co.,* 52 Wash. 522, 101 Pac. 50; *Miller* v. *Boston & N. St. Ry.,* 197 Mass. 535, 83 Neb. 890, and *Chadbourne* v. *Springfield St. Ry.,* 199 Mass. 574, 85 N. E. 737; Blakemore's Babbitt on Motor Vehicles, sec. 1197, page 775.

To the foregonig there is a note, giving a list of the cases from each state, cited in *Shultz* v. *Old Colony Railroad.* These citations cover two pages, and we note two Mississippi cases therein given, that of *A. & V. R. R.* v. *Davis,* 69 Miss. 444, and *I. C. R .R.* v. *McLeod,* 78 Miss. 334.

The foregoing rule does not apply in cases of master and servant. In that event the negligence of the servant is imputed to the master.

Due Care to be Exercised by Passenger: As remarked in *Shultz* v. *Old Colony St. Ry.* the rule does not, under

all circumstances, absolve the passenger in the private carriage from taking such precautions for his own safety, as under the circumstances, are reasonable. If he is riding by the side of the driver in an open carriage, and the driver, on approaching a railway track, fails to make use of his faculties to ascertain whether or not a train is approaching, then it is reasonable that the passenger ought to call his attention to the situation and remonstrate with him, or, if necessary to his own safety, leave the vehicle. It has been ruled that a person so riding is bound to exercise ordinary care for his own safety . . . . In another court it is reasoned that the rule that the negligence of the driver of a wagon is not imputable to one riding with him when the accident occurs at a railroad crossing, in applicable . . . where the passenger is seated away from the driver, or is separated from him by an enclosure, and is without opportunity to discover the danger and to inform the driver of it; . . . The sound conclusion seems to be that where a person who is *sui juris*—capable of caring for himself or herself, voluntarily rides in the private carriage of another, at his invitation or with his license or sanction, and is injured through the negligent driving of the latter, his negligence will or will not be imputed to the guest or licensee according to the circumstances, and it will, therefore, be to a large extent, a question of fact. In one such case, where the guest who was injured was a woman who had reached the years of discretion, the court said: "In cases like the present the question becomes one of fact, the test of the passenger's responsibility for the negligence of the driver depending upon the passenger's control, or right of control of the driver, so as to constitute the relation of master and servant between them." Thompson Com. on Negligence (2 Ed.), secs. 503, 499. See *Nesbit* v. *Garner,* 75 Iowa 314, 39 N. W. 816; *Meenagh* v. *Buckmaster,* 26 App. Div. 451, 50 N. Y. Supp. 85; Am. Dig. 1898, sec. 47.

In *Brickell* v. *N. Y. C. & H. R. R. Co.,* 120 N. Y. 290, 293, 34 N. E. 449, Mr. Justice POTTER, speaking for the court of appeals, announces the general rule as to the duty of the

passenger to exercise due care, as follows: "It is no less the duty of the passenger, where he has the opportunity to do so, than of the driver to learn of danger and avoid it if practicable.

The qualifications to the general rule noted in italics (italics by author of book) open a door to the admission of the ever varying circumstances of individual cases which are for the jury. In *Baltimore (City)* v. *Maryland (State)*, 166·Fed. Rep. 641 (Md.), C. C. A., the court sums up the matter as follows: "The court properly instructed the jury, if they believed from the evidence that the accident was in consequence of the failure of the city to use ordinary and reasonable care to insure the safety of ordinary travel in said highway, it is then conditioned, that the chauffeur's negligence could not be imputed to the deceased passenger, if the latter was himself not guilty of negligence contributing to the happening of the accident which resulted in his death.

Even if the passenger knows of the manner in which the automobile is being operated, it would not necessarily show that he was negligent in remaining in the vehicle, or ac·quiesced in the manner of driving, unless he knew or ought to have known, that such manner of operating was negligent. In order to make the passenger chargeable, the negligence of manner in operating must have been so gross or apparent that he was bound to know that it was negligent. Blakemore's Babbit on Motor Vehicles, sec. 1199, page 780.

The court need not charge that the plaintiff, a passenger, cannot recover if she attracted the driver's attention by talking to him when there is no evidence that she was talking but was having a good time. The court remarks surely a person may have a good time and not talk, even though it is a lady. *Latimer* v. *Anderson County,* 95 S. C. 187, 78 S. E. 879, 4 N. C. C. A. 23, 387; Blakemore's Babbitt on Motor Vehicles, sec. 1199, page 781; *Williams* v. *Withington,* 88 Kan. 809, 129 Pac. 1148, N. C. C. A. 382; Blakemore's Babbitt on Motor Vehicles, sec. 1199, page 781; *Toledo Rys. & Light Co.* v. *Mayers* (Ohio), 112 N. E. 1014.

Illustrations of what amounts to due care generally on the part of the passengers: *Miller* v. *Boston & N. St. Ry.*, 197 Mass. 535, 83 N. E. 990. Motor Vehicle Cases—In *Chadbourne* v. *Springfield St. Ry.* 199 Mass. 574, 575, 576, 85 N. E. 737. Citing *Shultz* v. *Old Colony St. Ry.*, 193 Mass. 309, 79 N. E. 873; *Miller* v. *Boston & N. St. Ry.*, 197 Mass. 535, 83 N. E. 990. Blakemore's Babbit on Motor Vehicles, sec. 1201, pages 782, 783; *Christy* v. *Elliot*, 216 Ill. 31, 74 N. E. 1035, 108 Am. St. Rep. 196; *Routledge* v. *Rambler Automobile Co.*, 95 S. W. Rep. 749 (Tex. Civ. App.); *Dale* v. *Denver City Tramway Co.*, 173 Fed. Rep. 787, 97 C. C. A. 511 (Col.); *Lawrence* v. *Fitchburg, etc., Ry.*, 201 Mass. 489, 87 N. E. 398; *Wilson* v. *Puget Sound Elec. Ry. Co.*, 52 Wash. 522, 101 Pac. 50; *Clark* v. *Connecticut St. Ry. Co.*, 83 Conn. 219, 76 Atl. 523; *Feelty* v. *City of Melrose*, 205 Mass. 329, 91 N. E. 306. In *Texas & P. Ry. Co.* v. *Curlin*, 13 Tex. Civ. App. 505, 36 S. W. 1003; Blakemore's Babbitt on Motor Vehicles, sec. 1203, page 786; *Ward* v. *Brooklyn Heights R.*, 119 N. Y. App. Div. 487, 104 N. Y. S. 95; *Clark* v. *Public Service R. Co.*, 83 N. J. L. 319, 85 Atl. 189, also, 29 Cyc. 547-552.

It would be superfluous to quote additional authorities.

*Hirsch, Dent & Laudau,* for appellee.

In appellant's brief, approximately fifteen pages practically one-half is devoted to the discussion of a subject not presented by this record. That is whether the negligence of the driver of an automobile can be imputed to a passenger in the vehicle, with copious but irrelevant citations from Blakemore's Babbit on Motor Vehicles. No question of imputed negligence appears in this record. Certainly none in the instructions of appellee.

The second instruction of appellant distinctly and unequivocally directed the jury: "You are not to take into consideration the question of whether or not the plaintiff, or the driver of the auto, were guilty of any contributory negligence on their part, unless you believe from the evi-

dence in the case that the motorman of the street car was not guilty of any negligence contributing to plaintiff's injury."

The appellant therefore thought it proper to present to the jury the question of the driver's and plaintiff's negligence, and although we submit there are no errors in any of appellant's instructions, yet the plaintiff's statement of the law, and the verdict of the jury in his favor, now precludes appellant from alleging as a ground of relief such errors, if any exist.

Under the laws of this state no person is authorized to operate an automobile on a public street of any city, at a greater rate of speed than fifteen miles per hour. Hemingway's Code, section 5775.

Any such person so operating, or causing to be operated, a motor vehicle (automobile) shall, at the intersection of public highways, streets, avenues or alleys of any city, town or village, keep to the right of the intersection of the centers of the highways when turning to the right and pass to the right of such intersection when turning to the left. Hemingway's Code, sec. 5781.

Every motor vehicle (automobile) while in use on the public highway, or any street, avenue or alley, shall be provided with at least two good and efficient brakes, and also with a suitable horn, bell or other signal device, for giving notice of its approach. Hemingway's Code, sec. 5782.

This driver, on a rainy day, with the curtains down, and the windshield furnishing the only means to observe the approach of another vehicle or car, undertook to cross the street car track on the wrong side of the street, at an excessive rate of speed, in violation of the law. The motorman, in the operation of his car, had a right to expect that the driver of the automobile would comply with the provision of the law, and was not chargeable with any responsibility, unless it is shown that he was negligent. From the evidence of the disinterested witnesses, we again maintain,

that the driver of this vehicle was either on the east (left) side of First North street, or in the middle of said street, and not on the west (right) side, where she would have been had she complied with the law.

First assignment of error: That the court erred in excluding, over the objection of appellant, the testimony of the witness, Henry Hannisee, that he regarded Mrs. Rosa Bucci as a competent and careful driver.

Second assignment of error: That the court erred in refusing to permit the said Henry Hannisee to tell the jury from his knowledge of Mrs. Bucci what kind of a driver Mrs. Bucci was, as to competency or incompetency.

The question of the negligence of the driver was presented by the appellant, and her handling of the automobile vigorously defended, and to sustain this contention the questions objected to were propounded to Henry Hannisee. It is not shown that Henry Hannisee was an expert, although he did state that he was teaching parties to drive automobiles and we submit that this question of the competency of the driver, thus raised by the appellant, was not admissible. Thompson, Commentaries on the Law of Negligence, sec. 7747, in 17 Cyc. 56, this language is used: "The issue of negligence can in most cases well be determined by the judgment of a jury and the inference, conclusion, or judgment of witnesses rejected." *Johnson* v. *Caughren et al.,* 104 Pac. 170, 171, Supreme Court of Washington, Oct. 4, 1909.

Third Assignment of Error. That the court erred in giving and granting each and every one of the requested instructions of the appellee save and except the ninth instruction on the form of the verdict.

### INSTRUCTIONS GRANTED THE APPELLEE.

#### Doctrine of imputed negligence not involved.

First instruction. The jury was instructed that if the defendant's street car was run in a westerly direction, with due care and the driver of the automobile negligently ran

said automobile in front of said street car and thereby injured appellant, then defendant was not liable.

Second instruction. The jury was, in effect, instructed that if the driver of the automobile knew of the approach of the street car, and negligently undertook to cross said track, and collided with the street car, while the motorman thereof was in the exercise of reasonable care, and that the plaintiff was injured without the fault or negligence of the defendant proximately contributing thereto, then the plaintiff is not entitled to recover.

Third instruction. The jury was instructed that it was the duty of the driver of said automobile in which plaintiff was riding to observe the law and the rules and regulations with reference to driving said automobile on the street where the accident is alleged to have occurred, and further, unless the jury believe from the evidence that the motorman was unmindful of the safety of the driver of said automobile and the passengers therein, and negligently managed his car so as to proximately cause injury to the plaintiff, they must find for the defendant.

Fourth instruction. The jury was instructed, in substance, that if they believe from the evidence that the motorman acted as a reasonably prudent street car motorman would have acted under the same or similar circumstances, and that notwithstanding this fact, the driver of said automobile drove on the car track, in front of said street car, then the defendant is not liable.

Fifth instruction. The jury was instructed that if the driver of the automobile did not act in a reasonably prudent and careful manner, and if the motorman did act in the handling of his car with ordinary care and prudence and that the driver of said automobile alone caused plaintiff's injury, then the jury must find for the defendant.

Sixth instruction. Which is based upon the Law of 1916, the jury was instructed that the driver was not to exceed fifteen miles per hour, and it was her duty to maintain a reasonable speed in rounding all curves and turning from the intersection of a street to another street, and it was

also her duty just before rounding the corners or curves when she undertook to, or intended to, turn to give proper signal by sounding the horn on her car, and if the jury believe that she did not observe the foregoing regulations, and that her acts were the proximate and sole cause of plaintiff's injury, in her driving said automobile, they must find for the defendant."

Seventh instruction. The jury was instructed that if they believe from the evidence that the driver of the auto-mobile did not observe the law in turning to the left in Clay street, and First North street, and drive around the center of the intersection of the two streets, and as a proximate result of her failure so to do plaintiff was injured as the proximate result of her acts, and without the fault or negligence of defendant, its agents and servants, then the jury must find a verdict for the defendant.

Eighth instruction. The jury were instructed that the defendant was not liable for the injury which the plaintiff may have received at the hands of the driver of said automobile by her negligent driving of same, if such were the fact.

Reviewing the instructions granted for the plaintiff, and all the instructions granted for the defendant, the jury were clearly instructed that the defendant was not to be held liable unless the motorman was negligent and the instructions, as a whole, correctly and properly stated the law in this case. The jury were distinctly and unequivocally instructed by the court that the defendant was only liable if its motorman was negligent, and the plaintiff, by its second instruction, presented the question of contributory negligence of the plaintiff or the driver. The doctrine of imputed negligence referred to at length by counsel was not invoked and was not relied on as a defense in the trial of this case in the court below.

W. H. COOK, J., delivered the opinion of the court.

This suit was instituted by appellant, Rosario Coccora, against the appellee, Vicksburg Light & Traction Company,

to recover damages for personal injuries alleged to have been sustained by appellant as a result of a collision between an automobile in which he was riding and a street car operated by appellee, and from a judgment for appellant for the sum of one hundred and seventy-five dollars this appeal was prosecuted.

It appears from the testimony that at the time of the accident appellant was riding as a guest in an automobile driven by his niece, Mrs. Bucci; that it was or had been raining and the curtains of the automobile were up; that the driver of the automobile was alone on the front seat, while appellant and a child were on the rear seat; that the automobile was preceeding south on First North street, which runs north and south and intersects Clay street, which runs east and west, and that the driver intended to turn into Clay street; that the street car was proceeding west on Clay street and collided with the automobile as it turned east into Clay street. There was much testimony as to the acts and negligence of the driver of the automobile, as well as the motorman of the street car, but, since the jury resolved the question of negligence against appellee, from which there is no appeal, we do not deem it necessary to further detail the facts and circumstances surrounding the collision.

As to the nature and extent of the injury suffered by appellant, there is testimony to the effect that when he was taken from the wrecked car he was unconscious and did not regain consciousness until the next morning; that he was confined to the hospital for two weeks; that it was necessary to have his wounds dressed for some time after he was discharged from the hospital; that his hearing was impaired from the blow on the head; that he suffered severe pains, and paid out the sum of one hundred thirty-five dollars and twenty-five cents for medical and hospital bills. Dr. George Street, physician in charge of the sanatorium to which appellant was carried after his injury, testified in part as follows:

"Q. Will you please describe to the jury there his condition when he was brought to the sanitarium, if you know? A. The afternoon he was brought in, he was in a semiconscious condition; he didn't know where he was until the next morning; he was suffering from a concussion; he had a lick on the head; there was a wound in the scalp, on the top of the head, a cut several inches long, and the scalp had been terribly torn from the top of his head, and then he had another wound in the face; the bones on the right side of his face had been terribly crushed in.

"Q. The left side you mean? A. Yes; the bridge of his nose, the bones were broken, and under his left eye the bones were broken, and, of course, the tissues were torn.

"Q. What was the condition, if you recall, of his hands? A. Well, he had quite an extensive laceration on one of his hands, cuts in the palm of his hand, and a long cut on the back of his hands.

"Q. After treating and dressing those wounds, how long was he compelled to remain by reason of those wounds in your sanitarium under your treatment, Doctor? A. If I recall properly, he was in the sanitarium about two weeks, and then he had to go to the office for dressings for two or three weeks longer.

"Q. After he went home? A. After he left the hospital.

"Q. During that time, Doctor, please tell the jury whether Mr. Coccora suffered any physical pain or not, from those injuries. A. Naturally, those were painful injuries; for the first two or three weeks he suffered quite a lot; he had a severe headache; suffered a good deal following the lick on the head.

"Q. What scars, if any, were there on his face? A. There was a scar leading from the bridge of his nose down the side of his face, under his eye.

"Q. The effect of this wounded hand, I want to ask you as to that, what effect, if any, did these wounds on the palm of the hand and back of the hand have on Mr. Coccora's use of that hand? A. Couldn't use it for several months, and it is not entirely well yet.

"Q. Would you undertake to say whether or not that stiffness in the left hand will remain or will it come out entirely? A. I think it will eventually disappear."

Appellant seeks a reversal of this cause solely on the ground that the amount of damages awarded is grossly inadequate; and in support of this ground of complaint assigns as error certain instructions granted appellee, and especially instruction No. 8, which is as follows:

"The court instructs the jury for the defendant that the defendant street car company is not liable for the slightest injury or damage, if any, which the plaintiff may have received at the hands of the driver of said automobile by her negligently driving the same, if they believe from the evidence such were the facts."

There was no motion for a new trial in the court below, and appellee contends that, since no objection was there made to the verdict or judgment on the ground that the amount thereby allowed was inadequate, the objection cannot be urged for the first time on appeal.

Appellant contends that under rule 6 of the Revised Rules of this court (72 So. vii) it is unnecessary to make a motion for a new trial in any case in order to obtain a review in this court of any ruling made in the trial court, and that the verdict of the jury awarding damages and the entry of the judgment thereon is in effect a ruling made in the trial court. This contention is not maintainable.

Section 3, rule 6, of the Revised Rules of this court is as follows:

"The right of an appellant to obtain a review in this court of any ruling made in the trial court shall not depend in any wise upon his having filed in such court a motion for a new trial, or if such motion has been filed upon the grounds thereof being distinctly specified."

The purpose of this rule is to dispense with the necessity for a motion for a new trial when the error assigned is based upon any ruling made in the trial court, but the verdict of the jury and judgment entered thereon is in no sense a ruling of the trial court, and, in the absence of

error in any of the rulings of the trial court, the rule in question does not dispense with the necessity for a motion for a new trial when the assignment or error is based solely upon objection to the amount of the verdict. If the trial judge has committed no error in the trial, and a party is dissatisfied merely with the amount of the verdict returned by the jury, he must make his complaint the basis of a motion for a new trial and give the trial court an oppor-tunity to correct the error, and, if he fail to do so, the ob-jection will not be available on appeal.

However, if there are errors in the instructions, or other rulings of the trial court, which may have misled the jury as to the proper elements or measure of damages, and which may have reasonably resulted in an award of improper damages, such erroneous rulings and the improper award of damages resulting therefrom may, on appeal, be assigned as error without making a motion for a new trial in the trial court.

As compensation for the injuries suffered by appellant, we think a verdict of one hundred and seventy-five dollars only a few dollars more than his medical bills and hospital fees, was grossly inadequate, and that this verdict should not be permitted to stand if the errors complained of in the rulings of the trial court may have reasonably re-sulted in reducing the amount of the recovery.

It is not contended here, and we do not understand that it was contended in the court below, that appellant was guilty of any negligence in riding as a guest in the auto-mobile driven by his niece, and, under the facts in this case, any negligence of the driver was not imputable to appel-lant. It is contended, however, that the driver of the au-tomobile was guilty of negligence, and that her negligence was the sole cause of the injury, but the jury, by its verdict, has resolved that question against appellee, and has found that appellee was guilty of negligence proximately con-tributing to the appellent's injury. The conclusion that both the driver of the automobile and the motorman of the street car were guilty of negligence, and that appellant's

injury was the result of the concurring negligence of the driver of the automobile, and the motorman is amply supported by the evidence, and, under the facts in this case, appellant was entitled to recover full compensation for the injuries resulting from the concurring negligence of the driver and motorman.

In this state of the record, the court granted appellee instruction No. 8, herein set out in full, which eliminated and excluded from the consideration of the jury all damages which resulted from the negligence of the driver of the automobile, and limited the recovery to only such damages as were occasioned by the negligence of appellee. This instruction, which peremptorily charged the jury to eliminate as an element of damage such injury as had been received by appellant by reason of the negligence of the driver of the automobile in which he was riding, was erroneous, and we cannot say that the inadequacy of the recovery was not the result of this erroneous instruction upon the elements of damage recoverable.

For the error in granting instruction No. 8, the judgment of the lower court is therefore reversed in so far as it adjudges the amount of damages to be recovered, but in all other respects will remain in full force and effect, and the cause is remanded for the purpose only of adjudging the amount of damages to be recovered by appellant.

*Affirmed in part, and reversed in part.*