## CHAPMAN *v.* POWERS.[*]

(Division B.　April 16, 1928.)

[116 So. 609.　No. 27067.]

*Corpus Juris-Cyc. References: Damages, 17CJ, p. 1017, n. 86; p. 1018, n. 95; Motor Vehicles, 42CJ, p. 1176, n. 87; Negligence, 29Cyc, p. 560, n. 33; New Trial, 29Cyc, p. 839, n. 91; p. 842, n. 95; p. 847, n. 13; p. 849, n. 26; On the question as to review by appellate court of ruling of the trial court on motion to grant new trial in action for bodily injuries on ground of inadequacy of damages awarded, see 28 L. R. A. (N. S.) 130; 20 R. C. L. 284.

*Gex & Russell,* for appellant.

690

*Rushing & Guice* and *John L. Heiss,* for appellee.

Argued orally by *Bryan Russell*, for appellant.

ANDERSON, J. Appellant brought this action in the circuit court of Harrison county against appellee to recover damages for a personal injury received by her, alleged to have been caused by the negligence of the appellee in leaving an unguarded and unlighted pile of gravel, in Second street in the city of Pass Christian, which was run into by an automobile driven by appellant's husband with whom appellant was riding resulting in appellant being thrown out of the car and receiving the injuries for which she sued. There was a trial resulting in verdict and judgment in appellant's favor for five hundred dollars, and from that judgment she prosecutes this appeal.

Appellant assigns and argues only two grounds for reversal of the judgment: That the damages awarded by the jury were so grossly inadequate as to evince passion or prejudice on the part of the jury in arriving at their verdict, and, therefore, the court should have sustained appellant's motion for new trial based upon that ground; and that the court erred in excluding appellant's evidence offered for the purpose of showing the sums paid by her for physician's bills necessitated by the injuries for which she sued.

Appellant was injured on the evening of December 24, 1926, between eleven and twelve o'clock. Appellee had a paving contract with the city of Pass Christian to pave certain of its streets. During the progress of the paving, appellee left a pile of gravel on Second street. Appellant's evidence tended to show that, on the night of the injury, this pile of gravel was unguarded and unlighted;

that appellant, with her husband, was driving in an automobile along Second street in the city of Pass Christian about eleven-thirty o'clock at night; that appellant's husband was driving the car which was being carefully driven, and while being so driven, ran into the pile of gravel, resulting in appellant being thrown out of the car and receiving the injuries for which she sued. Appellant and her husband testified that, at the time the car ran into the gravel pile, it was being driven at something like fifteen miles per hour. Appellant was severely injured, although there was evidence tending to show that her injuries were not permanent. Her scalp was lacerated to the skull, the wound being about five inches in length. It was sewed up by her physician, Dr. Raffety. There were some bruises about her eyes, and her nose was injured. A rib fractured, and there were bruises and skinned places on other parts of her body. The appellant testified that she still suffered from the injuries at the time this cause was being tried. Her physician, Dr. Raffety, was introduced, and testified as to the character and extent of appellant's wounds. On cross-examination, his testimony tended to show that appellant's injuries were not permanent. Appellant was confined to her bed about two weeks as a result of her injuries. When she was injured, she weighed about one hundred ten pounds. She testified that at the time of the trial she weighed only eighty-five pounds. Testimony was introduced on behalf of appellee tending to show that on the night appellant received her injuries, and a short time before, her husband was drunk.

The determination of the question whether the verdict of the jury in a given case is the result of passion or prejudice is fraught with much difficulty. The court in passing upon the question is not authorized to substitute its judgment for that of the jury, for the amount of damages to be awarded is peculiarly within the province of the jury. But where the award is so excessive,

on the one hand, or so inadequate, on the other, as that it is manifest that the jury were unduly influenced in arriving at their verdict, it is the duty of the court to award a new trial upon that ground alone. Putting it differently, if, to let the verdict of the jury stand, it is apparent to the court that there will be a manifest miscarriage of justice, a new trial should be granted.

We cannot say in this case, that the verdict of the jury is so inadequate as to manifest passion or prejudice on the part of the jury, and the following are the considerations which lead us to that conclusion: Notwithstanding appellant received serious injuries, there was sufficient evidence to warrant the jury in finding that her injuries were not permanent. And, furthermore, the jury could have found, and many have found, from the evidence, that a large part of the negligence proximately contributing to appellant's injuries was her own negligence in riding in a car, between eleven and twelve at night, driven by her husband, who was in such a drunken condition as to render him unfit to drive the car with reasonable care and skill. Although the general rule is that a guest in an automobile is not chargeable with the negligence of his host, it is also true that the facts and circumstances may be such that the negligence of the host may become the negligence of the guest. If it is manifest that the host, from drunkenness, or other cause, is unfit to drive the car, and that his driving will endanger the life and limbs of others, and the guest is aware of that condition of affairs, and voluntarily rides in the car with such a host, the negligence of the latter becomes the negligence of the guest. The appellant was the guest of her husband, but there was evidence tending to show that shortly before appellant and her husband went out together in the car, the latter was in such a drunken condition as rendered him unfit to drive the car, and thereby dangerous to the life and limb of appellant as such guest, as well as to the lives and limbs of others traveling

the streets, in vehicles or on foot. And if the appellant's husband was in that condition and she knew it (and the jury might reasonably have found that she did know it), then her husband's negligence became appellant's negligence. The jury may have reasonably found from the evidence that if the appellant's husband had been sufficiently sober he would have seen the gravel pile and avoided it. And, if the jury found such a state of case, they may have charged appellant with a large part of the negligence proximately contributing to her injuries, and reduced her damages proportionately, as they were authorized to do under the law.

That paragraph of appellant's declarations in which she sets out the damages she suffered on account of her injuries is in this language:

"And by reason of the aforesaid negligence of defendant in depositing said mass of sand and gravel in said street and allowing same to remain there without even placing thereon or near thereto a light or other warning signal at night, as the direct and proximate case, plaintiff has suffered in consequence thereof the injuries hereinabove set out to her damage in the sum of ten thousand dollars, for which amount, and all costs, she brings this her action and prays judgment."

Dr. Raffety, who treated her wounds, was asked what his bill was for such treatment. Appellee objected on the ground that the appellee had not sued for such damages in her declaration, and the court sustained that objection.

This question is one of first impression in this state. As a general rule, expenses paid or incurred, resulting from the defendant's tort, are special damages which must be alleged in order that they may be proved. 17 C. J., section 315, p. 1017. In the same authority, pages 1018 and 1019, we find the following as to how the courts have held on this question:

"In perhaps the greater number of jurisdictions it is essential to the admissibility of proof of payment or incurrence of doctor's bills occasioned by personal injury that these facts be specially alleged; in some jurisdictions, however, particularly if the injury is a severe one, such expenses are considered as a reasonably necessary result of the injury, and may be proved under a general allegation of damages. The precise amount expended need not be alleged; an allegation of expense for medical attendance is sufficient, at least in the absence of a motion to make more specific, or a special demurrer, nor need the day or place at which the services were rendered be averred. In some jurisdictions, however, it is necessary that there be an allegation of the amount expended or of a sum sufficient to cover the amount expended and future expenditures. If the amount expended is alleged, the complaint need not in the absence of a special exception or demurrer allege that such expenditures were reasonable. It is not necessary to plead an expenditure for medical treatment and nursing as a distinct cause of action, nor is it necessary to allege an actual payment for such services. Where items of expense have been specifically alleged, plaintiff is confined to such items in his proof. Medicine used by a physician in giving medical attention may properly be recovered, under a claim in a petition for expenses incurred for 'nursing and medical attention.' It has been held that under allegations of permanent injury there may be a recovery for future expenses of nurse hire, although there is no specific allegation as to pecuniary loss to accrue in the future by reason of such expenses."

Medical expenses in such a case as this are special or consequential damages. If such damages are claimed, the defendant must be informed of it in the declaration. We follow what appears to be the majority rule, and which we think is the sounder rule, that, in order to entitle plaintiff to recover sums expended for medical bills

in a case of this character, the declaration must set out, at least, the maximum amount of such bills.

It follows from these views that the court did not err in ruling out appellant's evidence as to her physican's bills paid by her on account of her injuries.

*Affirmed.*