TRUSSELL *v.* BRELAND.

(Division B. Jan. 12, 1931. Suggestion of Error Overruled Jan. 12, 1931.)

[131 So. 811. No. 29057.]

**Richardson, Pierce & Sanford** and **J. B. Hillman,** all of Philadelphia, for appellant.

**Gillis & Cooper**, of Philadelphia, and **Williamson & Clayton**, of Meridian, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The judgment in this case was affirmed without an opinion. Appellant, in his suggestion of error, argues that in doing so the court, in effect, overruled the case of Chapman v. Powers, 150 Miss. 687, 116 So. 609, 611. In that case there was no allegation in the declaration in reference to medical expenses incurred by the plaintiff as a result of the injury. The declaration was entirely silent on the subject. The court held that medical ex-

penses in such a case were special, or consequential, damages, and, if claimed, the defendant must be informed of it in the declaration, which should state the maximum amount of such expenses. In that case medical expenses had already been incurred when the suit was brought; therefore the amount of such expenses was known to the plaintiff.

In the present case, unlike that case, medical expenses, as an element of damages, are expressly sued for, although no specific amount is stated in the declaration, which avers "that he (plaintiff) has and will suffer and sustain damages by reason of the cost and expense that he has incurred and will necessarily have to incur in providing his said minor son with medicine and medical aid in connection with treatment of his injuries aforesaid."

It is true that there could have been averred in the declaration the specific amount of the medical expenses already incurred; but in the nature of things no such averment could have been made with reference to future medical expenses.

In the Chapman case the court quoted with approval the majority rule laid down in 17 C. J., par. 315, pp. 1018 and 1019. The majority rule is that the precise amount expended for medical expenses need not be alleged, that an allegation of expenses for medical attendance is sufficient, "at least in the absence of a motion to make more specific, or a special demurrer." There is no such motion or demurrer in the present case.

The language of the court in the Chapman case, that the declaration should set out the maximum amount of such expenses, was addressed to the particular facts of that case. As stated, the maximum amount was known when the suit was brought. The medical expenses had already been incurred—they were not continuing expenses. In the present case the medical expenses sued for had been incurred in part, and the declaration avers

that they would continue in the future on account of the character of the injury to the child. On motion, the court should have required the declaration to be more specific as to such expenses already incurred, but no such motion was made. We are of opinion that the affirmance of the judgment in this case in no wise trenches upon the decision in the Chapman case.

Suggestion of error overruled.