WATSON *v.* HOLEMAN.

(Division B. April 2, 1934.)

[153 So. 669. No. 31147.]

Knox & Horton, of Winona, and Armstrong, McCadden & Allen, of Memphis, Tennessee, for appellant.

J. W. Conger and V. D. Rowe, both of Winona, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant furnished his servant with an automobile, and directed him to drive to a neighboring town, collect some money there owing to appellant, and immediately to return. After departing and while on the way, the servant invited appellee to ride in the automobile, which invitation was accepted. Not only in going but also in returning, the servant drove the automobile on a gravel road at a speed of approximately sixty miles an hour, over the protests of the passenger, and when, within a short distance of the end of the trip, the servant attempted to pass some wagons, still maintaining the reckless and unlawful rate of speed, control of the car was lost, and the automobile left the road, catapulted over a

fence, and into an adjoining field finally coming to a stop, bottom up and afire, as a proximate result of which appellee, the passenger, was severely injured.

The main contention 'of appellant, the master, is that the passenger was the guest of the servant and not of the master, the servant being without authority to invite a passenger, and McLaurin v. McLaurin Furniture Co., 166 Miss. 180, 146 So. 877, is cited. It is immaterial in the case here before us whether the passenger was an invitee or a trespasser because the servant was then and there engaged in and about the master's business, and the master having placed the servant in charge of that business, it became the master's duty and responsibility, acting through and by his servant, to refrain from conduct so reckless as to evince a wanton disregard of the safety of the trespasser, a duty and responsibility which rests upon and in favor of all mankind. Rogers v. Lewis (Miss.), 144 So. 373; Trico Coffee Co. v. Clemens (Miss.), 151 So. 175. The court instructed the jury that unless the proximate cause of the injury was the willful and wanton negligence of the servant the verdict should be for the master. The jury, upon ample evidence to sustain the verdict, found that the proximate cause was the willful and wanton negligence of the servant then and there engaged in and about the master's business.

Appellant contends, also, that the passenger by his acts and conduct procured the servant to drive at the reckless and dangerous rate of speed, in that upon the departure on the trip the passenger had stated that he would not go except upon condition that he be speedily returned, and that although after the trip was under way the passenger protested against the dangerous speed and continued to protest he did not quit the car, and that therefore the passenger assumed the risk. Although limited exceptions are admitted, the doctrine of assumption of risk ordinarily appertains only to contractual relations; but it is unnecessary to enter upon any discus-

sion of that subject, because it seems clear that what appellant is presenting under this contention belongs to the general classification of contributory negligence and it is familiar to all that our statute, section 511, Code 1930, has enacted that contributory negligence in personal injury cases is no bar but is available only by way of diminution of damages. The jury was instructed at the request of defendants to take the contributory negligence of the plaintiff into consideration in arriving at their verdict. This was all to which appellant was entitled on this feature of the case.

Appellant complains that the verdict is excessive. We think the verdict moderate under the facts as shown by ample testimony on that issue; but if otherwise, we would have no power to interfere because there was no motion for a new trial. Coccora v. Light & Traction Co., 126 Miss. 713, 726, 89 So. 257; St. Louis & S. F. Ry. Co. v. Bridges, 156 Miss. 206, 218, 125 So. 423.

Two other asserted errors are argued but we do not think they amount to error as applied to this record.

Affirmed.