STANDARD COFFEE Co. *et al. v.* CARR *et al.*

(Division A. Nov. 26, 1934. Suggestion of Error Overruled Jan. 21, 1935.)

[157 So. 685. No. 31341.]

L. Barrett Jones, of Jackson, and Henican & Carriere, of New Orleans, Louisiana, for appellant.

Stone & Stone, of Coffeeville, for appellants.

A. L. Ford, of Ackerman, Jas. L. Davis, of Louisville, and J. A. Cunningham, of Booneville, for appellees.

Argued orally by **W. I. Stone** and **L. Barrett Jones**, for appellant, and by **J. A. Cunningham** and **A. L. Ford**, for appellee.

**Cook, J.**, delivered the opinion of the court.

Appellees, the husband and minor children of Mrs. Ora Carr, deceased, instituted this suit against the Standard Coffee Company and E. L. Sandidge, the driver of its delivery truck, for the alleged negligent killing of the deceased on a public highway. The negligence charge in the declaration, which was supported by the proof, was, first, the excessive speed of the truck, and, second, that it was being driven north on the left-hand side of the road, where the deceased was walking in the same direction, and, without warning, struck the deceased from behind. There was a verdict and judgment for twenty-seven thousand five hundred dollars in favor of the appellees, from which this appeal was prosecuted.

The testimony of several witnesses for the appellees, including a saleman for the appellant coffee company who was riding in the truck, was that the deceased was

walking north on the west side of the highway; that the truck came over the crest of a hill about two hundred yards south of her; that from the crest of the hill to the point where the deceased was struck the highway is straight and a little down grade; that the truck was running at a rate of speed variously estimated at from forty-five to sixty miles per hour, and that it proceeded at this speed on the left or west side of the road without giving any alarm or sounding any warning until it struck and killed the deceased. Several witnesses testified that, at the time she was struck, Mrs. Carr was walking within three or four feet of the ditch or drain on the west side of the highway, while two young girls were walking on the eastern edge of the highway.

The appellant Sandidge, the driver of the truck, testified that, as he was approaching the point where Mrs. Carr was struck, she and the two girls were walking on the eastern edge of the highway; that he was driving on the east or right-hand side of the road, and that, when he was within about thirty feet of these pedestrians, Mrs. Carr started to cross the road in front of the truck; that, in an effort to avoid striking her, he swerved the truck slightly to the left; that, when he saw she was going on across the road, he cut the truck back to the right, but struck her with the left front fender. He estimated the speed at which he was driving at from thirty-five to forty miles per hour, and testified that he undertook to bring the truck under control only when he saw the deceased starting to cross the road.

Without expressing any opinion as to whether or not the appellees were entitled to the requested peremptory instruction on the question of liability, we will say that, upon the evidence in this record, any verdict other than one in favor of the appellees would have been surprising; and, upon the question of liability, we find no reversible error.

The appellants complain of an instruction for the ap-

pellees reading as follows: "The court charges the jury for the plaintiff, that under the laws of this commonwealth, out of regard for the safety of the public, the defendants were required to operate the motor vehicle at the time, and place, and on the occasion of the injury, at no greater speed than is reasonable and proper, having due regard to the traffic and use of the highway; they were required under the law to keep a lookout for all pedestrians in the open space ahead of them; and that in approaching and passing the deceased, Mrs. Ora Carr, wherever she was in the road, they were required to give all reasonable warnings of the truck's approach, and to use every reasonable precaution to insure the safety of plaintiff's decedent, and if you believe, from a preponderance of the evidence, that E. L. Sandidge, the driver of the truck, negligently failed to observe any, or all, of the said duties as required of them by the law, and that, as a proximate result thereof, plaintiff's decedent came to her injury and death, then you must find for plaintiff against both the defendant, E. L. Sandidge, and the defendant, Standard Coffee Company."

A vigorous attack is made on that clause of this instruction which informed the jury that, in approaching and passing the deceased "wherever she was in the road," the driver of the truck was to give all reasonable warning of its approach, and to use every reasonable precaution to insure the safety of the decedent. This instruction is but an expression of the statutory duty of motorists to pedestrians on highways. Wherever a pedestrian may be on a highway, the driver of an approaching motor vehicle owes him the duty of giving reasonable warning of its approach and of using reasonable precaution for his safety. If the deceased were on the left side of the road, as a number of witnesses testified, the driver of the truck owed her this duty, and, if she were on the right side, although in violation of the law of the road, she was in a position of increased danger, and

certainly the driver's duty to her was not thereby lessened.

The several appellees were offered to testify as to their relation to the deceased and as to her character and fitness as a wife and mother and as to the nature and character of the services rendered in the discharge of her marital and maternal duties. The appellants complain of the admission of this testimony, contending that its only purpose was to arouse sympathy by parading these minor children before the jury. These minor plaintiffs had a right to be in court, in the presence of the jury, and we do not think their mere presence on the witness stand would materially increase the natural sympathy of the jury for the children who had been deprived of the care and nurture of their mother. The testimony of these witnesses as to their relation to the deceased, her character, habits of industry, and attitude toward the children, and her fitness as a mother, was competent.

A witness for the appellants, who was in the car some distance from the scene of the accident, testified that, just before the deceased was struck, her companion, who was also a witness for the appellants, exclaimed, "I believe that lady is going to try to beat that car across the road." Upon objection, this exclamation was excluded, and the action of the court in so doing is assigned as error. Aside from the fact that the appellees afterwards withdrew the objection to the introduction of this exclamation, and the appellants declined to again offer it, it was no part of the res gestae, was pure hearsay, and was properly excluded. There was likewise no error in permitting evidence in rebuttal to contradict these witnesses as to the distance they were from the scene of the accident, and their consequent opportunity to observe the conditions about which they testified.

The appellees were granted an instruction on the element of damages recoverable which reads as follows: "If the jury finds for plaintiff, it is your solemn duty,

under the law, to award plaintiff such sum of damages as you may determine from a preponderance of the proof to be just, taking into consideration all the damages of every kind to each and all the parties on whose behalf this suit is brought, which is to say, Mrs. Carr's husband and her children; and in passing on the amount of this said damage, you have a right to consider on the proof the present money value of any loss of any services and companionship, conjugal and otherwise, that the husband would likely have enjoyed and that he has been deprived of because of his wife's injury and death, and the loss of any care and moral training to the children during their minority as a result of their mother's injury and, death, that they would otherwise likely have received during such minority.''

The appellants offer three criticisms of this instruction, first, that there was no evidence upon which the jury could base a finding of the ''present money value'' of the loss of services and companionship; second, that, by the use of the words ''and otherwise'' in connection with conjugal services and companionship, the jury was authorized to return a verdict for damages other than those allowed by law; and, third, that it makes the life expectancy of the deceased the basis for recovery.

It is true that none of the witnesses undertook to place a money value on the services and the loss of the companionship of this wife and mother. There was evidence as to the age, health, and habits of industry of the deceased, including the services rendered in the home, garden, dairy, and field, which covered every activity that a healthy, industrious, and dutiful farm wife and mother could render in the home, and in the nurture and care of her minor children. It is difficult to value the services of such a wife and mother in terms of money, and, with all the facts in reference to the nature and character of these services before it, a jury is as competent to determine the money value thereof as any wit-

ness could be, and the determination of that question may be, and, in the very nature of things, must largely be, left to the sound judgment of the jury.

The use of the words "and otherwise" in connection with the word "conjugal" could have had no prejudicial effect. There was no evidence that any services rendered were other than those growing out of, or connected with, the marriage relation, and, so long as the relation of husband and wife continues, we are unable to conceive of any services that could be rendered by the wife to the husband that would not come under the designation of conjugal services. Furthermore, we find nothing in this instruction which makes the life expectancy of the deceased the basis of the recovery.

The appellants further argue that the verdict of the jury is grossly excessive, and in support thereof they submit the calculations of a life insurance actuary based upon various assumed earnings of the deceased. The verdict of the jury is large, and we would probably be inclined to look upon this assignment with favor if the appellants were in a position to present it. There was no motion for a new trial and no complaint as to the amount of the verdict in the court below. In the absence of errors in the instructions or other rulings of the trial court, which may have reasonably resulted in the award of improper damages, such improper award cannot be availed of on appeal, where there was no motion for a new trial in the court below. Coccora v. Light & Traction Co., 126 Miss. 713, 89 So. 257.

The judgment of the court below will therefore be affirmed.

Affirmed.