487 So.2d 807 (1986)
John Steve HILL
v.
James E. DUNAWAY.
No. 56482.
Supreme Court of Mississippi.
April 23, 1986.
*808 Samuel H. Wilkins, R. Conner McAllister, Jackson, John C. McLaurin, Brandon, for appellant.
Thomas M. Murphree, Jr., Watkins & Eager, Jackson, for appellee.
Before PATTERSON, C.J., ROY NOBLE LEE, P.J., and ROBERTSON, J.
ROBERTSON, Justice, for the Court:

I.
On Memorial Day weekend, 1982, John Steve Hill and James E. Dunaway struck out for the Mississippi Gulf Coast "to see the sun rise". Five hours and several dozen cans of beer later, they saw only a Hancock County ditch on the side of Mississippi Highway 607. The earth remained in darkness.
Thereafter, Hill brought this civil action against Dunaway seeking damages for personal injuries sustained in the accident. The facts reveal without dispute that at the time of the accident Hill was a passenger riding in the right front seat of the vehicle Dunaway was driving. Although there is some evidence that he had not had anything to drink during the hour immediately preceding the wreck, Dunaway admitted on cross-examination that he was "under the influence" at the time. Moreover, several minutes before the one car accident, Dunaway almost ran off the side of the road as he began to doze off, rendering credible the inference that prior to the accident Hill knew or should have known that Dunaway's capacity for safe driving was impaired by drowsiness, if not by beer.
At trial Hill proved severe injuries to his right leg, necessitating several operations, and medical and hospitalization expenses in the amount of $30,782.61. Hill also claimed lost wages in the amount of $10,660.00. In this state of the evidence the jury returned a verdict for Hill in the amount of $50,000.00. Hill appeals complaining that the verdict is grossly inadequate and can only be explained on the premise  argued to the jury by defense counsel  that Hill was negligent and that his recovery should be reduced in accordance with our familiar comparative negligence doctrine. Hill's primary argument on this appeal is that the trial court should not have submitted the comparative negligence question to the jury.

II.
Hill's first assignment of error is that the trial judge erred in submitting to the jury the following instruction:
The Court instructs the jury that if you find from a preponderance of the evidence in this case that the plaintiff [Hill] and the defendant [Dunaway] left Jackson, Mississippi at approximately 9:30 or 10:00 p.m. on the evening of the accident, and began drinking beer while traveling, and that the plaintiff Hill bought a six-pack of beer, which the plaintiff and the defendant consumed between Jackson and Hattiesburg, and that in Hattiesburg, the plaintiff and defendant purchased another six-pack of beer and continued to drink beer and drive south on Highway 49, and that the parties arrived at the Mississippi Gulf Coast, and then decided to drive toward New Orleans, and that defendant Dunaway became sleepy while continuing to drive, and if you find from the preponderance of the evidence, if any, that under the *809 circumstances, the plaintiff failed to exercise ordinary and reasonable care for his own safety, then you may find that the plaintiff was guilty of negligence. And if you further find that the plaintiff's negligence, if any, proximately contributed to his own injury, then you must, under the law, reduce any award you might otherwise render for the plaintiff by the proportion of the causal negligence you attribute to the plaintiff under the circumstances.
As with any granted jury instruction challenged on appeal, two questions are necessarily implicated: Does the instruction contain a correct statement of the law? and, Is the instruction warranted by the evidence? The assignment of error requires that we address both questions.
Hill's complaint in part is that the instruction "was contrary to an overwhelming weight of the evidence". The operative point, however, is that a party to an action is entitled to have the jury instructed regarding a genuine issue of material fact, viz the Plaintiff's contributory negligence vel non, so long as there is credible evidence in the record which would support the instruction. Odier v. Sumrall, 353 So.2d 1370, 1374 (Miss. 1978); Dreyfus v. Mississippi City Lines, 261 So.2d 786, 789 (Miss. 1972); Cotton v. Quinn, 245 So.2d 593, 594 (Miss. 1971). By analogy to our familiar test as to when any fact question may be taken from the jury, our rule is this: The refusal of a timely requested and correctly phrased jury instruction on a genuine issue of material fact is proper, only if the trial court  and this Court on appeal  can say, taking the evidence in the light most favorable to the party requesting the instruction, and considering all reasonable favorable inferences which may be drawn from the evidence in favor of the requesting party, that no hypothetical, reasonable jury could find the facts in accordance with the theory of the requested instruction. Cf. Lee v. State, 469 So.2d 1225, 1230-31 (Miss. 1985); Fairchild v. State, 459 So.2d 793, 801 (Miss. 1984).
Turning to the facts, the finding of which the said-to-be-offensive instruction suggests to the jury, we find credible evidence in the record that Hill and Dunaway jointly consumed at least a six-pack of beer between Jackson and Hattiesburg, that they purchased at least another six-pack in Hattiesburg and continued to drink as they drove south, that immediately prior to the accident Dunaway by his own admission "was under the influence" of alcohol, and that prior to the accident Dunaway became sleepy while continuing to drive. Following this point the instruction merely advises that, if under these circumstances Plaintiff Hill failed to exercise reasonable care for his own safety, the jury "may"  as distinguished from "must"  find him guilty of negligence. The instruction concludes by providing that, if the jury found that such negligence, if any, contributed to Hill's injuries, his recovery should be reduced proportionately.
In our view this instruction correctly states the law and was amply supported by the evidence. The record reflects that Plaintiff Hill, immediately prior to the accident, was aware that Dunaway had been drinking beer for a considerable period of time  even assuming that Dunaway had had nothing to drink for the past hour. Further, Hill knew that a few minutes previously Dunaway had almost fallen asleep and had swerved off onto the shoulder of the road. From this evidence a jury may reasonably have concluded that Dunaway's extensive beer consumption or sleepiness, or the two in combination, presented a danger. A jury could further reasonably have concluded that Hill knew or should have known of these dangers, singly or in combination, and that knowing of these things, decided to take his chances. Well within the evidence was a jury conclusion that Hill's omissions constituted a failure to exercise ordinary and reasonable care for his own safety which may well have contributed to his injury.
Undaunted, Hill struggles mightily to convince us that he did nothing which caused or contributed to the accident. To *810 be sure, there is no evidence that Hill took control of the car or interfered with Dunaway's driving in any way. Hill's error on this point is his failure to understand that the question is whether his acts or omissions contributed to his injury and resulting damages, not whether they caused the car to run off the road. Cf. Toliver v. General Motors Corp., 482 So.2d 213, 215 (Miss. 1985). It is both common sense and common law that one who rides with a driver who has been drinking extensively and who has become sleepy may be found acting without reasonable care for his own safety. See Landrum v. Roddy, 143 Neb. 934, 948-49, 12 N.W.2d 82, 89-90 (1943).
Saxton v. Rose, 201 Miss. 814, 29 So.2d 646 (1947) is instructive. There a guest passenger was killed in a one car accident. In the subsequent wrongful death action the evidence established that the driver was highly intoxicated. The court held that the driver nevertheless had a complete defense to the action in the common law doctrine of assumption of risk. This holding was made in the face of the wrongful death plaintiff's argument that the decedent guest passenger at most was guilty of contributory negligence which should have invoked our familiar comparative negligence rule. Miss. Code Ann. § 11-7-15 (1972). The point for the moment is that the Saxton court treated contributory negligence on the part of the guest passenger as a lesser included offense, so to speak, to assumption of risk. Indeed, evidencing the difficulty courts have always had in keeping clear the unclear distinction between contributory negligence and assumption of risk, we find the Saxton court exonerating the defendant.
because of his [the guest passenger's] own negligence in assuming the risk involved in being driven by one so drunk as to be obviously incompetent to drive.
201 Miss. at 821, 29 So.2d at 648.
The Saxton court said
... [W]e think that either contributory negligence or the assumption of risk are the determining factors for consideration in this case, and decision will rest upon which is applicable.
201 Miss. at 822, 29 So.2d at 648.
That the court ultimately decided the case on an assumption of risk theory in no way precluded application of the less severe doctrine of contributory negligence.
This Court has recognized that, even if assumption of risk is to remain viable doctrine, it overlaps substantially with contributory negligence.[1]Braswell v. Economy Supply Company, 281 So.2d 669 (Miss. 1973) instructs that
where assumption of risk overlaps and coincides with contributory negligence the rules of the defense of contributory negligence shall apply.
281 So.2d at 677.
The case of Watson v. Holeman, 169 Miss. 585, 153 So. 669 (1934) is supportive of our view of today's case. In that case the guest passenger acquiesced in the driver's driving at a high and excessive rate of speed. The court found that the passenger was guilty of contributory negligence which was available by way of diminution of damages. 153 So. at 670.
In Chapman v. Powers, 150 Miss. 687, 116 So. 609 (1928), plaintiff, a guest passenger in an automobile driven by her husband, charged the defendant with negligence *811 in leaving an unguarded and unlighted pile of gravel on a city street which, when encountered by the vehicle in which plaintiff was riding, caused injuries. The evidence reflected the plaintiff's husband was intoxicated. Chapman may fairly be read as standing for the proposition that a guest passenger, riding with a driver known to be under the influence of intoxicating liquors or otherwise driving impaired, is guilty of contributory negligence so that her recovery against any defendant may be diminished. 116 So. at 611. If this be so, the guest passenger's recovery against the driver may certainly be diminished.
Plaintiff's reference to Quave v. Ray, 377 F. Supp. 125 (S.D.Miss. 1974) profits him nothing, primarily because Quave was not a jury case. In Quave the trial judge sitting without a jury found, on arguably comparable facts, that plaintiff was not guilty of contributory negligence. By way of contrast, the case at bar presents the question, not whether this Court would have found Hill guilty of contributory negligence had we been the fact finders, but whether a hypothetical, reasonable, correctly instructed jury may have so found  viewing the evidence in the light most favorable to the Defendant Dunaway and giving the Dunaway the benefit of all reasonable, favorable inferences that may be drawn from the evidence. Similarly, DeWese v. Hartford Accident & Indemnity Co., 295 So.2d 574 (La. App. 1974), writ ref. 299 So.2d 794 (1974) relied upon by Plaintiff Hill, is a non-jury case.
In sum, we hold that the trial judge acted correctly when he submitted to the jury the comparative negligence instruction quoted above.

III.
In light of what we have said above, the other points raised by Hill merit no serious discussion. To the extent that we may consider that the jury found Hill contributorily negligent  and accordingly reduced his recovery  we find that finding to be within the evidence as measured by the familiar standard of Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 657 (Miss. 1975) and related cases. Beyond this, the trial judge did not abuse his discretion in denying Hill's motion for an additur. Given the totality of the facts and circumstances of this case  viewed in the light most favorable to the Defendant Dunaway, as they must be, the jury's verdict is not so low as to shock the conscience of the Court. See Screws v. Parker, 365 So.2d 633, 636 (Miss. 1978); Bankers Life & Casualty Co. v. Crenshaw, 483 So.2d 254, 278 (Miss. 1985); Flournoy v. Brown, 200 Miss. 171, 180, 26 So.2d 351, 354 (1946); Cf. Clark v. Columbus & Greenville Railway Co., 473 So.2d 947 (Miss. 1985).
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] We recognize that there is some movement in other states toward elimination of the strict doctrine of assumption of risk and coalescing the notion theretofore expressed into the affirmative defense of contributory negligence. See Li v. Yellow Cab Company of California, 13 Cal.3d 804, 119 Cal. Rptr. 858, 872-74, 532 P.2d 1226, 1240-42 (1975); Wilson v. Gordon, 354 A.2d 398, 402-03 (Me. 1976); Note, Contributory Negligence and Assumption of Risk  The Case For Their Merger, 56 Minn.L.Rev. 47 (1971). That argument has been pressed before this Court. See Nichols v. Western Auto Supply Co., Inc., 477 So.2d 261, 264 (Miss. 1985). While today's case is certainly not the occasion to resolve definitely such a question, we note that trend for it lays bare the reality that assumption of risk is only an artificial way of denominating a plaintiff's negligence. Such negligence is available defensively and may diminish recovery according to our familiar comparative negligence rule. See Miss. Code Ann. § 11-7-15 (1972); Mitchell v. Craft, 211 So.2d 509, 513 (Miss. 1968).