Ford and Houston Contracting Company *v.* Moore

No. 43513　　　　　May 3, 1965　　　　　174 So. 2d 716

*Carey E. Bufkin, Satterfield, Shell, Williams & Buford,* Jackson, for appellants.

*Crawley, Brooks & Guyton,* Kosciusko; *Joe P. Barnett,* Carthage, for appellee.

Jones, J.

This is a companion case to Houston Contracting Company and Otis J. Ford v. Atkinson, 251 Miss. 220, 168 So. 2d 797 (Miss. 1964). The facts in the instant case are set forth in the Atkinson case, with the additional facts hereinafter given.

Appellee, Mrs. Dean C. Moore, sued Ford and Houston Contracting Company and David L. Smith for damages for personal injuries sustained in the same accident in which Mrs. Atkinson was injured. The jury returned a verdict for $20,000 against Ford and Houston Contracting Company, and they appeal to this Court.

Defendant Smith made no answer to the declaration although he did appear and testify, and when the jury returned a verdict they only named Ford and the Contracting Company as the parties against whom they were returning a verdict, saying nothing about the defendant Smith. Later a motion for a judgment against Smith, notwithstanding the verdict, was made, which was sustained by the court, and a judgment for $20,000 was finally entered against all of the defendants. However, Smith does not appeal. We affirm the decision of the lower court.

The appellee, Mrs. Moore, did not testify in the Atkinson case, but she did in the present case. She was driving north on Highway 35 in her mother's 1955 Chevrolet automobile. There was a hill about one-quarter of a mile south of the bridge and when she came over that hill, going around 35 or 40 miles per hour, she saw a pickup truck. The truck was slowing so she began to slow. She proceeded behind the truck until it suddenly turned a little to the left and stopped in the middle of the bridge and across the center line. She said the truck was about half way across the center line, and that both lanes over the bridge were blocked. The driver of the truck gave no signal by hand or light, but stopped "right out of a clear blue sky" and said something to a man who was sitting on the west banister of the bridge. She testified that she stopped before hitting the truck and that she did not see the car following her until it struck her car from the rear.

Her neck was jerked when her car was struck from the rear and she said it "felt like it was broke"; that the pain went down her spine into her back. She was in the hospital nine days, during which time she could hardly turn her head or turn herself because of the pain. She was in a head-halter traction for five days. Dr. Ray, her physician, prescribed medicine for her but it did not relieve the pain entirely. Over objection she

was permitted to say that she was hospitalized in Jackson as a consequence of the accident (which occurred on October 11, 1961) from October 31 to December 22, 1961, where she was treated by Drs. Blake, Naef and Donaldson. Dr. Donaldson gave her insulin for ten days to straighten out her nerves so that a myleogram could be made. The myleogram was made and Dr. Blake surgically removed a disc in her lower vertebrae on December 12. She went home on December 22 by ambulance and was on her back for ten days, after which she was able to get out of bed for thirty minutes the first day and this was increased until she was able to be up a full day in the last part of January 1962.

Prior to the accident she worked as a nurse's aide, earning $120 a month, and had so worked for five years immediately prior to the accident. Afterwards, she undertook to work from April until August 1962 at Durant Sportswear, but was forced to quit because of pain in her back and she did not work from that time to the time of the trial, which occurred on June 8, 1964.

She was permitted to testify concerning her expenses at the hospital in Kosciusko and the Baptist Hospital in Jackson, as well as the bills of the various doctors and a nurse, all of which totalled $2760.40. Her loss of wages amounted to $3240.00, making a total of expenses and loss of wages of $6,000.40. She endured both a myleogram and disc surgery. Neither of the Jackson doctors testified. As to these expenses, she testified she had worked at the hospital in Kosciusko for five years and was familiar with the charges of hospitals and doctors in this area and that the charges were reasonable.

She was corroborated by Dr. W. M. Wood, a practicing physician, who testified that he was familiar with the hospital and doctors' charges at Kosciusko and in this area of Mississippi, including Jackson, and in his opinion the bills introduced were reasonable.

It was further shown that in June 1962 the plaintiff collapsed at work and had to be taken to Dr. Ray; that in August 1962 she was forced to quit her job because she was unable to work, and that she was unable even to do her housework.

As stated, Mrs. Moore testified she stopped before striking the truck, and was driven into the truck by the Buick behind her. Mrs. Atkinson testified in her own case and here that Mrs. Moore could not stop and did hit the truck when it stopped and then the Buick hit Mrs. Moore's car and drove it again into the truck. The defendant Smith also testified to this fact.

The defendant Ford testified generally in accord with his testimony in the Atkinson case, denying that he stopped on the bridge. The foregoing statement, together with the facts given in the report of the Atkinson case, constitute a statement of the proof in the instant case.

Appellants Ford and Houston Contracting Company argue that they should have been given a peremptory instruction on the theory that Smith's running into the rear of the car driven by Mrs. Moore was an intervening cause which insulated Ford from any liability. This same question was raised in the Atkinson case and this Court held that, "In other words, the evidence warranted the submission of the issues to the jury as to the negligence of all of the defendants."

It was shown that the accident occurred within a few seconds; the truck stopped and in a matter of seconds the collision occurred. It was all part of one continuous, almost instantaneous happening. There was a conflict as to whether Mrs. Moore's car stopped before striking the truck and whether the truck stopped. The question of proximate cause was properly submitted to the jury. Appellants were entitled to and obtained an instruction submitting the question of comparative negligence to the jury.

■■ ■ Certain objections are made to instructions granted the plaintiff. The defendants were given thirty-seven instructions. The only one requested by them and refused was a peremptory instruction. It must be remembered that all these thirty-seven instructions were given for the defendants Ford and Houston, appellants here, as Smith was not represented in the trial below. Plaintiff was given thirteen instructions, making a total of fifty instructions to the jury. When read together, these instructions fairly presented the issues to the jury, and in view thereof we find no reversible error in the instructions.

■■■ Appellants complain that the appellee was permitted to testify to her being in the Baptist Hospital in Jackson on October 31, 1961, as a consequence of the accident in question and as to who treated her and what was done. It is argued and shown by the record that she had received some injury ten or eleven years previous to this occasion, but it is undisputed that for five years preceding this accident she had worked; that prior to the accident she was in apparent good health and employed as a nurse's aide; that she received a violent trauma in the accident, one calculated to produce injury to the neck, back and spine; that she was carried by ambulance directly from the accident to the hospital at Kosciusko where she stayed for eleven days and where she was in traction for five days; that she was bruised and extremely sore all over her body; she was stiff in her back and neck and suffered excruciating pain; that when she returned home she continued to have pain down her neck and spine, and on October 31 she "blacked out" and was again carried by ambulance to the hospital in Kosciusko in a semi-comatose condition; that after being revived she still had pain and tenderness, and Dr. Ray transferred her to the hospital in Jackson to Dr. Blake, an orthopedic surgeon.

She further testified that she had received no injuries between the date of the injury here and the date of the "blacking out" incident. At the Baptist Hospital, after having taken insulin treatments for ten days, she had a myleogram and then disc surgery on her back. She remained in the hospital in Jackson until December 22. Dr. Ray visited her once while she was in the hospital at Jackson, and later, in June 1962, treated her for severe pain and spasms in the lower back, prescribing an intravenous drip for muscle relaxation. She had myositis, which is inflammation of the muscles of the back, and spasms and stiffness of the muscles of the back. This treatment at the Baptist Hospital having come within twenty days of the accident and the fact that she had received no other injury in the meantime shows all these matters constituted a continuous, connected and causally related history. At least, the jury could so find.

Again there was objection made to the introduction of the doctors' and hospital bills on the ground that there was not shown either the necessity or the reasonableness of such bills. We have already stated that the plaintiff and Dr. Wood testified to the reasonableness of the charges. The treatment in both hospitals being a part of the continuous and connected history of the accident, together with Plaintiff's and Dr. Ray's testimony that he had referred her to the Baptist Hospital, is sufficient to carry to the jury the question of necessity. This Court said in the Atkinson case:

> Appellants objected to the mode of proof as to the reasonableness of the hospital and medical expenses. Copies of these bills, in most instances, were offered. If there is objection the doctor is entitled to testify to the necessity and reasonableness of the charges. A proper member of the hospital, or a person cognizant of the reasonable charges for hospital services in the area where they were performed, should be able to qualify for the purpose of establishing fair and rea-

sonable charges. It is not intended that proof of this element of damages must be unreasonably exacting; but it must consist of a bona fide effort to show the reasonable value of the services which are performed. See Bryan Bros. Packing Company v. Grubbs, 168 So. 2d 289, decided October 26, 1964; National Fire Insurance Company of Hartford v. Slayden, 227 Miss. 285, 85 So. 2d 916 (1956). This statement should suffice as aid in a retrial of the case. 168 So. 2d 800.

■■■ Objection is further made that the court caused defendants to continue with the trial in the absence of one G. R. Russell, a Highway Patrol Investigating Officer. The record indicates the defendants had undertaken to secure the attendance of Russell and he had told the attorney for the defendants that he would not be present because he was going on vacation to Grenada Lake. Counsel had a subpoena issued for him about four days before the case was set for trial but he was not located. On investigation, they learned he was not at Grenada Lake, but was visiting some of his people at Pontotoc.

Counsel for defendants announced ready for trial subject to undertaking to have Mr. Russell present. When they were unable to locate him, the court was requested to delay trial in order to secure his presence. The case had been in process for two days at that time and the court declined to delay further. Thereupon the attorneys for the defendants sought to introduce what was said to be a transcript of his testimony in the Atkinson case, although it was not certified and had no affidavit attached to it. An examination of this statement showed that the only material part thereof, if admissible, was that when the patrolman arrived some minutes after the accident, the debris was in the east lane of the bridge. This was testified to by other witnesses and such testimony would have been cumulative. We are unable to

say the court abused its discretion in declining to delay the case to further search for the witness.

Appellant further argues that the verdict of the jury is contrary to the overwhelming weight of the evidence. With this we do not agree.

 ██ The last objection raised by appellants is that the verdict is so excessive as to evidence prejudice, passion and bias on the part of the jury. We have given this matter considerable thought and from the evidence of the medical and hospital bills and loss of wages to the time of trial, totalling $6,000, and the evidence of pain and suffering of plaintiff, we cannot say that the judgment is so excessive as to evidence prejudice, passion and bias on the part of the jury.

There is no merit in the contention that the court erred in not granting a new trial. The case is therefore affirmed.

Affirmed.

*Kyle, P. J., and Rodgers, Brady and Patterson, JJ.,* concur.