Colson *v.* Sims, et al., D. B. A. Jitney Jungle

No. 43538          November 22, 1965          180 So. 2d 327

*Roy J. Goss,* Columbia, for appellant.

*Vernon H. Broom,* Columbia, for appellees.

GILLESPIE, J.

M. P. Colson, hereinafter referred to as plaintiff, sued E. E. Sims and G. E. Sanders, doing business as Jitney Jungle, hereinafter referred to as defendants, for personal injuries sustained when plaintiff caught his right foot on platform scales while using a passageway to defendants' store. The plaintiff introduced his evidence and rested. The court sustained defendants' motion for a directed verdict and entered judgment accordingly. Plaintiff appealed.

The only question involved is whether the evidence offered by plaintiff was sufficient to make a jury issue. We hold that it was.

The pleadings in this case presented the issue whether defendants used reasonable care to keep in reasonably safe condition a passageway used by customers in going to and from the store from an alley. The established rule of law is that when at the conclusion of plaintiff's case a motion is made to exclude the evidence and direct a verdict for defendant, the court must look solely to the evidence in behalf of plaintiff and accept that evidence as true; and if such evidence, along with inferences which could reasonably be drawn therefrom, would support a verdict for the plaintiff, the directed verdict should not be given. We state the facts in accord with this rule.

Defendants operate a supermarket in the City of Columbia under the trade name of Jitney Jungle, consisting of grocery and meat departments. The meat department is in the rear of the store and there is a passageway or aisle running from Honey Alley to the meat department which the customers of defendants customarily use in entering and leaving the store. Defendants kept platform scales in the passageway but the scales usually were placed about half way under a stairway leading off from the aisle. The platform of the scales rests on rollers and the top of the platform is eight inches off the floor. The scales were sitting on a concrete floor and the color of the scales and the floor blended. The platform is about twenty inches wide and slightly over two feet long. On the occasion of plaintiff's injury, the scales were out about two feet further into the aisle than usual, leaving only two or three feet of unobstructed passageway. There was lighting equipment in the passageway but it was turned off. The screen door leading to Honey Alley was closed but the wooden door was open. The passageway was somewhat dark when plaintiff entered from the alley and walked a distance of twelve to fifteen feet when his right foot struck the platform of the scales and he fell on his left knee, resulting in serious personal injuries.

Plaintiff had used the passageway many times and knew that the scales were kept therein, but failed to see them on the occasion of his injury.

The evidence shows that plaintiff was a business invitee. He had telephoned one of the owners that he was coming to pick up some chickens to take to the church, and defendants knew the time appellant was coming and that he would use the Honey Alley passageway.

The settled rule is that the operator of premises is under the duty to exercise reasonable care to keep the premises in a reasonably safe condition for use by a business invitee. Mississippi Winn-Dixie Supermark-

ets v. Hughes, 247 Miss. 575, 156 So. 2d 734 (1963) ; Gulf-port Winn-Dixie Supermarkets v. Taylor, 246 Miss. 332, 149 So. 2d 485 (1963) ; Patterson v. Sayers, 223 Miss. 444, 78 So. 2d 467 (1955). The first two of the cited cases involved customers slipping on the floor of a supermarket and the third case involved injuries sustained when the plaintiff slipped and fell in the lobby of a hotel.

We are of the opinion that the jury could find that a person exercising reasonable care for his own safety would probably not see the scales in the passageway since the platform arose only eight inches off the floor, was substantially the same color as the floor, and there was no lighting in the passageway except what came from the outside through the screen door, a distance of approximately fifteen feet away, and that defendants failed to use reasonable care to keep the aisle in reasonably safe condition for use by their business invitees. The cause is reversed and remanded for a jury trial.

Reversed and remanded.

*Ethridge, P. J., and Jones, Brady and Inzer, JJ.,* concur.