SMITH, Justice.
This is the second appearance of this case here. As on the former appeal, the ques- ’ tion for review is the action of the trial court in sustaining a motion of defendants, appellees here, to exclude the evidence offered. by plaintiff, and directing the jury to return a' verdict for the defendants.
The opinion of this Court on the former appeal, reversing' the trial court and remanding the case for a new' trial, is reported in 254 Miss. 99, 180 So.2d 327.
•On re-trial of' the case, the issues were identical^ and there were no significant .or material changes in the evidence offered by plaintiff in support of his claim. Nevertheless, the trial court again sustained a motion to exclude this evidence and agáin directed'the jury to return a verdict for the defendants.
 On the former appeal, this was held to be error, requiring a new trial and submission of the issues to a jury for determination.- The opinion established the law of the case and was controlling upon retrial following remand.
The trial court again erred in sustaining the motion to exclude the evidence and in directing the jury to return a verdict for the defendants. For that error, the case is reversed; it is remanded to the court below for a new trial, and the trial court is directed to submit the issues to a jury for determination.
In New Orleans & N. R. R. Co. v. Thornton, 247 Miss. 616, 622, 156 So.2d 598, 600 (1963), this Court again stated the rule to be followed by a trial court in passing upon a request for a directed verdict:
“ ‘The rule be applied in determining whether a party is entitled to a directed verdict has been stated in many of our cases. The Court must look solely to the testimony in behalf of the party against whom the directed verdict is requested, and, taking that testimony as true, along with all reasonable inferences which could be drawn therefrom favorable to said party, if it could support a verdict for him, the directed verdict should not be given. We state the facts with this rule in mind, which is to say, that the evidence favorable to appellee will not be stated. We do not decide whether the evidence is overwhelmingly in favor of appellee. That question is not before us. Even where the evidence is such that a judgment for the adverse party would have to be set aside as being contrary to the overwhelming weight of the evidence, it does not necessarily follow that a party is entitled to a directed verdict. Yazoo & M. V. R. R. Co. v. Pittman, 169 Miss. 667, 153 So. 382; Fore v. Alabama & V. Railway Co., 87 Miss. 211, 39 So. 493. See also Williamson v. Inzer, 239 Miss. 707, 125 So.2d 77; Jester v. Bailey, 239 Miss. 384, 123 So.2d 442.”
Reversed and remanded.
GILLESPIE, P. j!, and RODGERS, JONES, and BRADY, JJ., concur.' .