ETHRIDGE, Chief Justice:
James Scott Weissinger, appellant, was indicted for murder and convicted of manslaughter in the Circuit Court of DeSoto County, and was sentenced to; serve a term of twelve years in the penitentiary. We affirm.
The evidence was ample to sustain the conviction. On the night of January 12, 1968, three Marines traveling through Hernando, Mississippi, stopped at the Her-nando Motel to inquire about a room for the night. While looking for the motel attendant they found Weissinger on a bed in a room adjacent to the motel office. He had apparently been drinking. Weissinger told the Marines to go to the cafe next door, that a man there would arrange a room for them for the night. They found Odis Bobbitt at the cafe, and Bobbitt walked with two of the Marines back to the motel office. On finding that the door had been locked, Bobbitt shook it and asked Weis-singer to unlock it. Weissinger walked up to the door with a pistol in his hand and told Bobbitt to leave. The defendant knew whom he was talking to, since the door was made almost entirely of glass, and the porch where Bobbitt and the Marines stood and the office where Weissinger was were well lighted. When Bobbitt did not leave, Weissinger shot through the glass door and killed Bobbitt.
There is no question that defendant shot and killed Bobbitt. His defense was based principally on testimony by several witnesses, which reflected that deceased and Weis-singer had been in several fights in the months before the shooting; that Bobbitt, who was in partnership with his wife and Weissinger in the operation of the motel, wanted to either buy or otherwise obtain defendant’s interest in the motel; that he had abused defendant on several occasions, and on the evening in question, had done so; and that defendant shot Bobbitt in self defense, at a time when he was in reasonably apparent danger of great bodily harm from him. These were all considerations by the jury on conflicting evidence. It was justified in finding defendant to be guilty of manslaughter.
There was no error in the trial court’s denial of a continuance. Mississippi Code 1942 Annotated section 1520 (1956) provides that denial of a continuance “shall not be ground for reversal unless the Supreme Court shall be satisfied that injustice resulted therefrom.” We cannot say that the trial court abused its discretion in denying a continuance, or that any injustice to appellant resulted from this refusal. All of the witnesses except Gene Roberts were available, and, according to the motion and affidavit, much of his testimony would have been cumulative.
Although better procedures could have been used by the police officers to assure proper custody and identification of the pistol, it was properly admitted as evidence. There were two eye witnesses to the homicide, and defendant admitted shooting Bobbitt, so even if it were error, its introduction was harmless. The photographs were competent evidence, sufficiently authenticated as representing the scene. Their admission in evidence was not an abuse of the sound discretion of the trial judge. The Miranda rule is not applicable. *434 Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Chief Manning, when investigating immediately after the crime, asked appellant where the gun was, and appellant showed him its location. This was part of the process of immediate investigation, including the seizure of the pistol to prevent any possible injury to another person. No officer testified that defendant admitted guilt for the homicide. He did not confess, so there is no issue of self-incrimination.
We have carefully examined the instructions for both sides, and find no reversible errors in those granted to the state nor refused the defendant. Considered as an entirety, the jury was properly instructed, and defendant received a fair trial.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ-, concur.