220 So.2d 345 (1969)
M.P. COLSON
v.
E.E. SIMS and G.E. Sanders, d/b/a Jitney Jungle.
No. 45262.
Supreme Court of Mississippi.
March 17, 1969.
Hall, Callender & Dantin, Columbia, for appellant.
Broom & Singley, Columbia, for appellee.
RODGERS, Justice:
This case came to this Court from the Circuit Court of Marion County, Mississippi. It has been here twice before. It first came to this Court in 1965 (Colson v. Sims, 254 Miss. 99, 180 So.2d 327). It came a second time in 1967 (Colson v. Sims, 198 So.2d 225). The facts set out in our opinion in the first case shown by plaintiff's testimony are almost identical with the facts revealed by the record in this third appeal. In the instant case, however, the defendants, appellees here, offered evidence that indicated that the lights in the back room over the passage where the scales were located were on at the time of the *346 accident. The jury returned a verdict for the plaintiff, M.P. Colson, in the sum of $1,500. The plaintiff made a motion for a new trial on the ground that the damages awarded by the jury were inadequate. This motion was overruled and a judgment for the plaintiff was entered. The plaintiff appealed and contends on appeal that the trial court erred in refusing to permit the appellant, M.P. Colson, to prove the reasonableness and necessity of his medical and hospital expenses and that the verdict of the jury was inadequate to compensate the plaintiff for his injury. It is argued, therefore, that the Court should have granted the plaintiff a new trial on the issue of damages alone.
During the trial the plaintiff testified that the bills paid for hospital, ambulance, drugs and doctors were related to his injury received in the store. The plaintiff's local doctor testified that the plaintiff incurred hospital, drug, ambulance and doctor bills. The plaintiff then offered to prove the reasonableness and necessity of all his expenses by his local doctor, who, it is said, was familiar with these expenses. The Court would not permit the introduction of evidence with reference to any bills except the local bills. The defendant contended that it was necessary to introduce each doctor who treated the plaintiff, as well as the druggist, hospital authorities, and ambulance owners, to prove the reasonableness of the charges and the necessity therefor.
We are of the opinion that the testimony of the local doctor to show reasonableness and necessity for the medical charges was admissible in evidence, provided, of course, that the local doctor knew these medical charges were reasonable and necessary. We so held in Ford & Houston Contracting Co. v. Moore, 253 Miss. 314, 174 So.2d 716 (1965).
The appellees contend that even if the items of medical expense were provable by a local doctor, the appellant in this case could not argue this point on appeal, because, it is said, he did not raise this ground in his motion for a new trial. He cannot now, therefore, put the trial court in error on a point on which it had no opportunity to rule. This argument is not tenable: first  because the trial court did pass upon the issue and did not permit the introduction of the evidence; and second  it is not necessary to make a motion for a new trial in order to preserve the question for appeal where the error is the failure to permit the introduction of essential evidence. Deposit Guaranty Bank & Trust Co. v. Silver Saver Stores, 166 Miss. 882, 148 So. 367 (1933).[1] Moreover, *347 the failure to permit the introduction of the evidence to corroborate the cost of medical expenses was very probably one of the reasons the jury returned a small verdict of damages in this case.
A careful examination of the evidence has convinced us that the motion made by the appellant in the trial court requesting a new trial upon the ground that the jury verdict was inadequate to compensate the plaintiff, should have been sustained. Otherwise there will be a manifest miscarriage of justice. Chapman v. Powers, 150 Miss. 687, 116 So. 609 (1928).
Inasmuch as we have concluded that this case must be reversed and a new trial granted on the issue of damages, we will not amplify the evidence shown in the record. We point out, however, that the plaintiff was caused to undergo a surgical operation, he suffered severe pain, he is permanently injured in the loss of his kneecap, and he is materially handicapped by his injury. Moreover, there is very little testimony from which an inference can be drawn that the plaintiff was guilty of contributory negligence in causing the accident.
The judgment of the trial court is accordingly affirmed as to liability of the appellees, but is reversed and a new trial granted as to the amount of damages only, with the right of appellant and appellees to introduce evidence as to the facts of the accident and the extent of the injury. See Vaughan v. Bollis, 221 Miss. 589, 73 So.2d 160 (1954).
Affirmed as to liability, reversed as to damages, and remanded.
ETHRIDGE, C.J., and JONES, BRADY and INZER, JJ., concur.
NOTES
[1] Motion for a new trial. Since there seems to be some confusion as to what is required to be set out in a motion for a new trial in order to take advantage of the alleged error on appeal to this Court, it may be helpful for us to point out that it is not necessary to make a motion for a new trial grounded upon errors shown in the official transcript of the record, including the pleadings, transcribed evidence, instructions, verdict and judgment of the court. Miss.Code 1942 Ann. §§ 1639, 1644 (1956).

For many years Rule 6 of the Rules of the Supreme Court of Mississippi expressly permitted an appeal on matters of record without the necessity of a motion for a new trial. The 1964 Rules of the Supreme Court left out our old Rule 6, because as we pointed out in the "Foreword": "Former Rule 6(3), stating that the right of review is not dependent upon the filing of a motion for a new trial in the trial court, has been deleted, because this aspect of the scope of appellate review is established by case law." See Graham v. Swinney, 174 Miss. 579, 165 So. 438 (1936).
On the other hand there are certain errors that must be brought to the attention of the trial judge in a motion for a new trial, so that the trial judge may have an opportunity to pass upon their validity before this Court is called upon to review them. Although it is impossible to envision every situation which may arise, the following list will serve to activate our memories:
(1) All new matters, not shown of record and not merely cumulative irregularities, mistakes, surprises, misconduct and newly discovered evidence (Redmond v. Marshall, 162 Miss. 359, 137 So. 733 (1931); Miss.Code 1942 Ann. §§ 1536, 1537 (1956)), may be set out in a motion for a new trial.
(2) Motion made upon the ground of inadequate or excessive damages must be made in a motion for a new trial. Watson v. Holeman, 169 Miss. 585, 153 So. 669 (1934); Standard Oil Co. v. Franks, 167 Miss. 282, 149 So. 798 (1933); Coccora v. Vicksburg Light and Traction Co., 126 Miss. 713, 89 So. 257 (1921).
(3) Motion for new trial must be made where it is contended that the verdict of the jury is against the overwhelming weight of the evidence. Gilmer v. Gunter, 46 So.2d 447 (Miss. 1950).
(4) The denial of a continuance in the trial court is not reviewable unless the party whose motion for continuance was denied makes a motion for a new trial on this ground, making the necessary proof to substantiate the motion. King v. State, 251 Miss. 161, 168 So.2d 637 (1964); Cherry v. Hawkins, 243 Miss. 392, 137 So.2d 815 (1962); Lamar v. State, 63 Miss. 265 (1885).