PATTERSON, Justice:
This is an appeal from a judgment of the Circuit Court of Sunflower County by which the appellant, Richard Harrison, was sentenced to serve one year in the state penitentiary for the crime of escape from that institution. The primary issue to be determined is whether the trial court erred in overruling a motion of the appellant for a continuance. The basis for the motion was the reluctance of inmate witnesses to testify.
It is the opinion of the Court that the issue in question should be decided in accord with those principles set forth as early as McDaniel v. State, 8 Smedes & M. 401, 414 (1847), as follows:
The continuance of a cause, is matter resting in the sound discretion of the court, and'an appellate tribunal will never interfere but with extreme reluctance and caution. To justify such interference there must have been a palpable error committed, without the correction of which manifest injustice will be wrought. * * *
The principle announced has been followed consistently by this Court, even as late as Weissinger v. State, 218 So.2d 432 (Miss.1969). The facts vary from case to case, but the principle remains constant, its applicability to be determined by the circumstances of each case.
It is argued that the witnesses were reluctant to testify because they feared intimidation or reprisal upon their return to the penitentiary. The superintendent of the penitentiary, at the request of the court, assured the witnesses that they need fear no intimidation if they testified. Thereafter, several witnesses refused to testify without giving reason therefor.
In his opinion overruling the motion for a continuance, the trial judge noted there was nothing to indicate that a continuance of the case would in any way change this attitude on the part of the recalcitrant witnesses. , A fair summary of the evidence on the motion, the trial on the merits, and the motion for a new trial, indicates the inmate witnesses’ reluctance to testify stems as much from a statement of principle as it does fear. One witness testified as follows:
“A. I am not going to answer the question.
“Q. You are not going to answer the question ?
“A. No, sir.
“Q. Any reason for not answering it?
“A. Yes, sir, my principles.
“Q. In what regard ?
“A. In regard, uh, I don’t believe I understand your question.
“Q. You don’t understand my question?
“A. You asked me in what regard ?
“Q. In what regard is your principle involved ?
“A. I don’t tell on people. .
“Q. You don’t tell on people; in which , way; you don’t tell on the Trustee Guards or you don’t tell on Harrison?
“A. I don’t tell on anybody.”
*767 As mentioned, the trial judge noted that there was nothing to indicate that the passage of time would overcome the unwillingness to give testimony, nor do we ascertain any from the record.
Under these circumstances we cannot state that the trial court abused its discretion in overruling the appellant’s motion.
We have given careful consideration to the other assignments of error and conclude that they are without merit.
Affirmed.
GILLESPIE, P. J., and RODGERS, SMITH, and ROBERTSON, JJ., concur.