ROBERTSON, Presiding Justice,
for the Court:
Bennie Graham was indicted, tried and convicted in the Circuit Court of Neshoba County of aggravated assault on Tommy Conner with a deadly weapon, namely a .22-caliber pistol. He was sentenced to serve a term of 17 years in the Mississippi State Penitentiary, with the last two years suspended, and the defendant placed on probation for five years.
The sole assignment of error is that the trial court erred in refusing to grant a continuance in order for the appellant to obtain the attendance of a defense witness.
One day prior to trial on September 27, 1978, the appellant had a subpoena issued for Leroy Peebles, who allegedly witnessed a fight between the victim, Tommy Conner, and appellant, Bennie Graham, approximately two weeks prior to the shooting of Conner. About 3:35 P.M. on September 27, 1978, when the State rested except for putting on Dr. F. M. Blackwell, the physician who treated the victim, appellant made an ore tenus motion for a continuance based on the fact that the sheriff had not been able to serve Leroy Peebles with a subpoena. Later that same day the appellant filed an affidavit and written motion for a continuance, based on the failure to serve process on Peebles. The court recessed until 8:00 A.M. September 28th, and instructed the sheriff to make every effort to serve Pee-bles with process.
Mississippi Code Annotated section 99— 15-29 (1972) provides:
“On all applications for a continuance the party shall set forth in his affidavit the facts which he expects to prove by his absent witness or documents that the court may judge of the materiality of such facts, the name and residence of the absent witness, that he has used.due diligence to procure the absent documents, or presence of the absent witness, as the case may be, stating in what such diligence consists, and that the continuance is not sought for delay only, but that justice may be done. The court may grant or deny a continuance, in its discretion, and may of its own motion cross-examine the party making the affidavit. The attorneys for the other side may also cross-examine and may introduce evidence by affidavit or otherwise for the purpose of showing to the court that a continuance should be denied. No application for a continuance shall be considered in the absence of the party making the affidavit, unless his absence be accounted for to the satisfaction of the court. A .denial of the continuance shall not be ground for reversal unless the supreme court shall be satisfied that injustice resulted therefrom.”
On September 28th, when trial was resumed, the sheriff still had not been able to serve Peebles with process; whereupon, appellant renewed his motion for a continuance. The court overruled the motion, finding that the victim had admitted the altercation which had occurred two or three weeks before that, in any event the incident was too remote, and that appellant had not complied with the statute (§ 99-15-29) in his affidavit and motion. The affidavit merely stated that Peebles was a resident citizen of Neshoba County, Mississippi.
About 6:00 P.M. on June 23, 1978, Bennie Graham appeared at the home of Esther Thomas, a sister of the victim, Tommy Conner. Appellant and Esther argued briefly and appellant threw her to the ground. Shortly thereafter, Terry Grimm and Tommy Conner drove up, and when Tommy asked Bennie why he jumped on his sister, Bennie pulled a .22-caliber pistol and began shooting at Tommy. The first shot hit Conner in the upper right arm, and when he turned around and started back to his car, Graham shot him in his right hip and left thigh. Conner fell by his truck and as he lay on the ground the appellant continued to shoot, hitting him in the right back, left back, and again in the right upper arm. In all, Graham shot Conner seven times.
Dr. Blackwell bandaged Conner’s wounds and sent him to the University Hospital in *140 Jackson for examination as to possible internal injuries. Conner recovered from his wounds and was able to testify at the trial in September.
Barbara Riley, appellant’s girl friend, was called as a witness by the defendant. She testified that she and the appellant were scuffling in the street and that as appellant reached for her again Tommy Conner grabbed him by the neck and pulled him away. Graham and Conner then rolled into a ditch where they fought briefly. Appellant testified that Conner hit and choked him and knocked him into a ditch. Conner had already testified that he and the appellant had fought two weeks before, and that he did grab him by the neck and throw him down but that he did not choke him.
So at least three witnesses testified about the altercation between appellant, Bennie Graham, and Tommy Conner, which occurred about two weeks before the shoot- • ing.
We are of the opinion that the court did not abuse its discretion in overruling defendant’s motion for a continuance because the testimony of Peebles would have been merely cumulative. Weissinger v. State, 218 So.2d 432 (Miss.1969).
Even though we have discussed the motion for a continuance on its merits, we were not required to do so because this sole assignment of error is not properly before us. The defendant, in his motion for a new trial, although assigning five grounds for his motion, nowhere mentioned the overruling of his motion for a continuance as a ground.
In Denton v. State, 348 So.2d 1031 (Miss.1977), we said:
“Finally, there was no showing or offer to show on appellant’s motion for a new trial that any prejudice to appellant resulted and, as a matter of fact, the question was not raised at all in the motion. Such a showing was necessary in order to preserve the question on appeal. Colson v. Sims, 220 So.2d 345 (Miss.1969); Cherry v. Hawkins, 243 Miss. 392, 137 So.2d 815 (1962).” 348 So.2d at 1033.
See also, Ponder v. State, 335 So.2d 885 (Miss.1976).
For these reasons, the conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.