PRATHER, Justice,
dissenting:
Respectfully, I dissent from the majority view.
This case involves the interpretation of the provisions of an insurance policy. The trial judge reviewed those contract provisions and, as a matter of law, held that under the facts of this case there was no evidence of coverage under the felonious assault endorsement provision of the policy. A directed verdict was granted for the defendant/appellee.
The majority opinion recites the coverage provisions, the pertinent parts of which are:
(1) Robbery or an attempted robbery of a fellow franchise store; or
(2) Robbery ... or murder ... while traveling on the business of the member franchise store ....
Mrs. Marsh places no reliance upon the first named condition, yet the majority and concurring opinions conclude that robbery of a franchise store exists whether the robbery occurs on the premises or when an employee in possession of franchise store proceeds is away from the premises. Mrs. Marsh does not contend that this was a robbery of a franchise store, neither her pleadings nor proof suggest that basis of coverage. On the contrary, Mrs. Marsh contends the second condition applies in this case to a robbery or murder while traveling on the business of the member franchise store.
At trial no evidence was presented to indicate that proceeds from the store were placed inside the briefcase. Moreover, the uncontradicted proof at trial failed to show that the murderer forcibly entered the home or ever entered the Marsh home. Allegations surrounding the absence of the briefcase from the Marsh home and car amount to mere speculation that a robbery even occurred.
In a motion to reopen, the plaintiff sought to introduce claims filed by Pizza Hut with its other insurance carrier, indicating that $880.00 was taken from Tom Marsh and that store people saw him put money in the briefcase. But the lower court judge denied the motion stating that even if the plaintiff were able to prove a robbery, absence of any proof that Mr. Marsh was traveling on business of Pizza Hut would still disqualify the plaintiff for coverage under the provision relied upon by Mrs. Marsh.
The facts undisputed show that a co-employee of Pizza Hut testified that Mr. Marsh stated that he (Mr. Marsh) would take care of the 9:00 p.m. o’clock deposit, and if he did not make the deposit that night that he would take it with him and make it on his way to the hospital early the next morning. His hours of employment that night ended at midnight. An investigative officer testified that Mrs. Marsh stated that she was looking for Mr. Marsh at noon the next day. Mrs. Marsh testified that upon her husband’s leaving the hospital on Friday, he stated he would “see her later.”
Company policy did not permit discretion by employees in the time of making bank deposits. The company manual dictated the time of money deposits, and untimely deposits were grounds for termination of employment by the employer.
The officers investigating were advised that a briefcase should be found at the house. No briefcase was found. Marsh was at home, and was dressed in a white *1041 shirt with designs, cut-off shorts, socks and no shoes. Beer was found on the kitchen table and a half empty can of beer was found on the TV table in the den. The TV was on.
All of these facts show that Mr. Marsh was not “traveling on the business of the member franchise store ...” when the robbery or murder occurred. On the contrary, having left the business in the uniform of the Pizza Hut employees, he had changed into casual clothes and was relaxing at his home. Clearly, Mr. Marsh had not made the evening deposit for his store. He had deviated from that business purpose when he came home and relaxed. In fact, he was not traveling at all when he was murdered.
The above facts show as a matter of law that the evidence is insufficient to support a verdict for the plaintiff considered in the light most favorable to the plaintiff Marsh and all reasonable inferences that may be drawn therefrom.
The latest reported case setting forth the propriety of a directed verdict was White v. Hancock Bank, 477 So.2d 265 (Miss.1985), wherein this Court stated:
The motion for a directed verdict at the conclusion of a plaintiffs case tests the legal sufficiency of the plaintiffs evidence, if no other proof be offered, to undergird an unassailable jury verdict in his favor should one be obtained. It asks the court to hold, as a matter of law, that the evidence is insufficient to support a verdict in favor of the non-movant plaintiff. Where such a request has been made, the trial court must consider the evidence before it at the time in the light most favorable to the party opposed to the motion. Weems v. American Security Insurance Co., 450 So.2d 431, 435 (Miss.1984); King v. Dudley, 286 So.2d 814, 816 (Miss.1973); Colson v. Sims, 254 Miss. 99, 180 So.2d 327 (1965). The plaintiff must also be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Stubblefield v. Jesco, Inc., 464 So.2d 47, 54 (Miss.1984); Holifield v. Nester Chevrolet Co., 207 So.2d 636, 637 (Miss.1968). If the facts and inferences so considered point so overwhelmingly in favor of the defendant that reasonable men and women could not have arrived at a verdict for plaintiff, granting the motion is required. On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair-minded men and women in the exercise of impartial judgment might reach different conclusions, the motion should be denied. See, e.g., Stubblefield v. Jesco, Inc., 464 So.2d 47, 54 (Miss.1984); Weems v. American Security Life Insurance Co., 450 So.2d 431, 435 (Miss.1984); City of Jackson v. Locklar, 431 So.2d 475, 478 (Miss.1983); Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 657 (Miss.1975).
Id. at 268-69.
Applying this test to these facts the issue here was whether Tom Marsh had deviated so far from his employment that he could not be found by a jury to be “traveling” on behalf of his employer. These facts show that Marsh was neither traveling, nor on his employer’s business when he was murdered. Respectfully, I dissent from the majority view and would affirm the trial court on granting of the directed verdict.
WALKER and ROY NOBLE LEE, P.JJ., join this opinion.