CARLTON, J.,
 

 for the Court.
 

 ¶ 1. Dennis Darnell Howard was convicted by a jury in the Attala County Circuit Court for the crime of armed robbery. He was sentenced to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections and ordered to pay all court costs, assessments, and a fine in the amount of $1,000. On appeal, Howard argues that (1) the verdict was against the overwhelming weight of the evidence, and (2) the trial judge gave confusing supplemental jury instructions. For the reasons explained below, we find no error and affirm.
 

 FACTS
 

 ¶ 2. On the night of June 27, 2005, Craig Smith, who was employed as a manager at Burger King, closed the store and went to Citizen’s Bank to deposit the business’s proceeds — approximately $1,300. Smith’s co-worker, Cassandra Weatherby, followed in her vehicle. When they arrived at the bank, Smith placed the money in the night depository; Weatherby remained in her vehicle. As Smith returned to his vehicle, he noticed Howard emerge from a wooded area and proceed toward him. According to Smith, Howard repeatedly beat him in the head with a small silver handgun and demanded the money. The parties dispute whether Howard had a real handgun. The State contends that Howard had a real handgun; Howard claims that he had a water gun. Smith told Howard that the money was already in the depository, and Howard returned to the wooded area.
 

 ¶ 3. Trial was held on March 12, 2007. Howard’s theory of the case was that, earlier on the day of the robbery, he went to the drive-thru window at Burger King, where Smith “made a pass at him,” which infuriated him. According to Howard, he saw Smith make the deposit, approached him, and hit him with a water gun. In this regard, his attorney, Antwayn Patrick, told the jury during opening statements that Howard hit Smith “[n]ot with a gun, with a water gun.”
 

 ¶ 4. In its case-in-chief, the State called Smith, who testified in accordance with the above-mentioned facts. The State then called Weatherby. She testified that she identified Howard, but she was unable to hear the verbal exchange because she was situated some distance away. Weatherby was asked no questions regarding a gun and made no mention of a gun. She stated only that she saw Howard approach and hit Smith. As the State’s final witness, it called Dr. Brady Richardson, who treated Smith in the emergency room shortly after the incident. Dr. Richardson testified that Smith suffered a “raised tender area to the scalp on the left side of the crown of the
 
 *671
 
 head.” According to Dr. Richardson, Smith’s injuries were consistent with being struck in the head with a handgun. He also testified that Smith’s injuries could have been caused with a físt, and it was possible that Smith’s injuries were caused by a water gun.
 

 ¶ 5. At the conclusion of Dr. Richardson’s testimony the State rested, and Howard made a motion for a directed verdict of acquittal, which the trial court denied. Howard did not testify and called no witnesses to testify on his behalf. Instead, he rested his case.
 

 ¶ 6. The trial judge instructed the jury. Among the instructions given was instruction C-l, which read in pertinent part as follows:
 

 The evidence which you are to consider consists of the testimony and statements of witnesses and the exhibits offered and received. You are also permitted to draw such reasonable inferences from the evidence as seems justified in light of your own experience.
 

 Arguments, statements, and remarks of counsel are intended to help you understand the evidence and apply the law, but are not evidence. If any argument, statement, or remark has no basis in evidence, then you should disregard that argument, statement, or remark.
 

 ¶ 7. Approximately one hour into deliberation, the jury sent the following question to the trial judge: “Both Mr. Howard’s lawyer, as well as the prosecution[,] stated that Mr. Howard was present [and] had a gun of some type. Can this be used as evidence since Mr. Howard never stated this himself?” The trial judge told the attorneys that he intended to submit the following written response to the jury: “The Court instructed the jury that you’ve heard all of the evidence and that you must base your verdict on the evidence as it has been presented.” The following exchange then took place among the trial judge, Patrick, and the prosecutor, Adam Hopper:
 

 BY MR. PATRICK: I think the answer would be no, Your Honor. It’s not in evidence. Even what I said is not in evidence.
 

 BY THE COURT: Well, I know, and I’m saying' — -I’m telling them that they’ve heard all the evidence and must base their verdict on the evidence that’s been presented.
 

 BY MR. HOPPER: I think that’s proper, Your Honor.
 

 BY THE COURT: I mean, they’re being told they have to base it on the evidence, and so — and they were given an instruction already.
 

 BY MR. PATRICK: Can I say this, Your Honor? “Disregard anything that’s not in evidence.”
 

 BY THE COURT: I already instructed them on that. In the Court instruction [C-l], I told them that [attorney’s statements] are — were not evidence and are to help them understand the evidence and apply the law but are not evidence. So they have already been instructed on that....
 

 The trial court then submitted to the jury the following written response: “The Court instructs the jury that you have heard all the evidence and that you must base your verdict on the evidence that has been presented.”
 

 ¶ 8. Approximately two hours later, the jury sent a second question to the trial judge regarding the same issue: “We are having a discussion still over whether or not Mr. Howard’s lawyer’s admission of his [sic] being there with a gun is evidence or is it that [sic] simply counsel’s remark?” The jury also submitted a copy of instruction C-l and underlined the portion of the
 
 *672
 
 instruction that read, “Arguments, statements, and remarks of counsel are again to help you understand the evidence and apply the law but are not evidence.” The following exchange then took place among the trial judge, Patrick, and Hopper:
 

 BY MR. PATRICK: I think they’re saying, Your Honor, that, basically, if it does not come from .the witness stand, it’s pretty much not testimony — I mean, not evidence. What either attorney says is not evidence. I mean, that’s all I would ask, Your Honor.
 

 BY THE COURT: Well, it says that. I mean, I don’t know — I really don’t know what the confusion could possibly be over [instruction C-l].
 

 BY MR. PATRICK: I guess, obviously, Your Honor, they believe that what I say or what the [prosecution says] is evidence, and I think if we just simply say what the attorneys say is not evidence, I think that would clear — that would clear it up to me, Your Honor.
 

 BY MR. HOPPER: That’s what he said in the instructions. There’s no way you can make it any clearer. They’re not getting — I mean, he’s going to be writing the same thing that was in the Court’s instruction. So if they didn’t get it the first time—
 

 BY MR. PATRICK: I think — I guess they want it stated more plainly. I don’t know how plain they can get it. Testimony from attorneys are not [sic] evidence. It doesn’t get any simpler than that, Your Honor.
 

 ¶ 9. The trial judge then submitted a second written response to the jury: “The jury instruction that you have made reference to is self-explanatory and your verdict should be based on the evidence that was presented from the witness stand.” Fifteen minutes later, the jury returned a verdict of guilty. Aggrieved, Howard now appeals to this Court.
 

 DISCUSSION
 

 1. Overwhelming Weight of the Evidence
 

 ¶ 10. Howard argues that the trial court erred in refusing to grant a new trial on the ground that the verdict was against the overwhelming weight of the evidence. The State points out that the record does not reflect that Howard made a motion for a new trial and argues that Howard’s challenge to the weight of the evidence is procedurally barred. We agree.
 

 ¶ 11. A claim that the jury’s verdict is against the overwhelming weight of the evidence must be raised in a motion for new trial in order to be considered on appeal.
 
 See, e.g., Smith v. State,
 
 716 So.2d 1076, 1078(13) (Miss.1998) (citing
 
 Colson v. Sims,
 
 220 So.2d 345, 346-47 n. 1 (Miss.1969));
 
 Beckum v. State,
 
 917 So.2d 808, 813(14) (Miss.Ct.App.2005). Because, Howard presented no challenge to the weight of the evidence in the trial court, this issue is procedurally barred.
 

 2.
 
 Confusing Supplemental Jury Instructions
 

 ¶ 12. We review the trial court’s decision to issue supplemental jury instructions under the abuse of discretion standard of review.
 
 Williams v. State,
 
 928 So.2d 867, 870(10) (Miss.Ct.App.2005) (quoting
 
 Mickell v. State,
 
 735 So.2d 1031, 1033(7) (Miss.1999)). In reviewing a challenge to a jury instruction, we read the instructions given as a whole.
 
 Milano v. State,
 
 790 So.2d 179, 184(14) (Miss.2001) (quoting
 
 Coleman v. State,
 
 697 So.2d 777, 782 (Miss.1997)). “When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.’’.'
 
 Hawthorne v. State,
 
 835 So.2d 14, 20(26) (Miss.2003) (quoting
 
 Coleman,
 
 697 So.2d at 782). Stated differ
 
 *673
 
 ently, “if all the instructions taken as a whole fairly, but not necessarily perfectly, announce the applicable rules of law, no error results.”
 
 Milano,
 
 790 So.2d at 184(14).
 

 ¶ 13. A trial judge is authorized to give supplemental jury instructions under Rule 3.10 of the Uniform Rules of Circuit and County Court, which provides in pertinent part:
 

 If the jury, after they retire for deliberations, desires to be informed of any point of law, the court shall instruct the jury to reduce its question to writing and the court in its discretion, after affording the parties an opportunity to state their objections or assent, may grant additional written instructions in response to the jury’s request.
 

 ¶ 14. Howard argues that the trial judge’s supplemental jury instructions were confusing. He claims that there is doubt as to whether the jury understood the supplemental instructions; and therefore, the case should be reversed and remanded for a new trial.
 
 [1]
 
 Howard relies on
 
 Girton v. State,
 
 446 So.2d 570, 572 (Miss.1984) and
 
 Carrol v. State,
 
 391 So.2d 1000, 1003-04 (Miss.1980). After reviewing these cases, we find that neither requires reversal, as urged by Howard.
 

 ¶ 15. The
 
 Carrol
 
 case was not reversed on the grounds that the supplemental jury instructions given therein were confusing.
 
 Carrol,
 
 391 So.2d at 1003-04. There the defendant argued that the trial judge’s comments to the jury induced the return of a guilty verdict; however, the court in
 
 Carrol
 
 did not affirmatively rule on the issue. The
 
 Carrol
 
 court found that the trial judge’s immediate oral response to a jury question concerning the definition of malice aforethought or premeditation foreclosed the defense attorney’s opportunity to object to the instructions.
 
 Id.
 
 In reversing and remanding, the court “concluded that substantial justice and traditional notions of fair play require that the case be reversed and remanded for a new trial.”
 
 Id.
 
 at 1004. Because the court in
 
 Carrol
 
 did not find the trial court’s error to be harmless, we infer that court found that the trial judge’s comments influenced the jury to return a verdict of guilty. In any event, Howard does not argue that the trial judge’s supplemental instructions given in the instant case influenced or induced the jury to return a verdict of guilty. He contends simply that the instructions lacked the clarity to resolve the jury’s question.
 

 ¶ 16. Similarly, the issue of confusing jury instructions was not the basis of the
 
 Girton
 
 decision; rather, that case turned on whether the trial judge’s response to a doubtful juror’s question induced the jury to return a guilty verdict.
 
 See Girton,
 
 446 So.2d at 575. Moreover, contrary to Howard’s assertion, the
 
 Girton
 
 case was affirmed.
 
 Id.
 
 Although, the
 
 Girton
 
 court did not find the instructions at issue to be confusing, it did allude to the need for clarity in communications between the trial judge and the jury, noting that “[o]ne of the most nettlesome problems faced by a circuit judge is an inquiry from the jury when it has retired to reach its verdict.”
 
 Id.
 
 at 572. The court then recommended that in dealing with questions from the
 
 *674
 
 jury, the trial judge should determine whether further instruction is necessary to clarify or cover an omission and should make absolutely certain he understands precisely what is meant in any inquiry from the jury.
 
 Id.
 
 at 572-73.
 

 ¶ 17. Applying
 
 Girton
 
 to the extent relevant, we find that the trial judge in the instant case complied with the recommendations expressed therein. While the trial judge did not understand
 
 how
 
 the jury could be confused by the instructions already given, the record makes clear that he understood precisely
 
 what
 
 the jury was confused about and
 
 what
 
 the jury’s inquiry meant. Given that the jury had explicit questions regarding the proper treatment of defense counsel’s statement, the trial judge correctly determined that further instruction was necessary and properly undertook the responsibility of providing the jury with further guidance.
 
 See Wright v. State,
 
 512 So.2d 679, 681 (Miss.1987) (“Where, as here, the jury was apparently at a loss as to how it should proceed, there is no rational reason why we should discourage our trial judges from providing supplementary guidance.”).
 

 ¶ 18. We are mindful that reversible error occurs where a trial judge gives “instructions likely to mislead or confuse the jury as to the principles of law applicable to the facts in evidence.”
 
 Puckett Mach. Co. v. Edwards,
 
 641 So.2d 29, 34 (Miss.1994). However, we find that the jury instructions given in the instant case were stated with sufficient clarity and did not possess a likelihood to confuse or mislead the jury. Significantly, we note that the second supplemental instruction directed to jury to the portion of the instruction they identified as troublesome (instruction C-l), plainly told the jury that it was self-explanatory, and then further clarified that the “verdict should be based on the evidence that was presented from the witness stand.” As stated above, where the instructions taken as a whole “ ‘fairly announce the law of the case and create no injustice, no reversible error will be found.’ ”
 
 Hawthorne,
 
 835 So.2d at 20(26) (citation omitted). The initial instructions and the supplemental instructions given to the jury correctly stated the law.
 
 [2]
 
 “[T]he law presumes the jury is competent and follows the instructions they are given.”
 
 Curry v. State,
 
 939 So.2d 785, 790(17) (Miss.2006) (citing
 
 Shoemaker v. State,
 
 502 So.2d 1193, 1195 (Miss.1987)). We see no reason to find that the jury, with the aid of the supplemental instructions provided by the trial judge, did not follow all of the instructions given to them in the instant case.
 

 ¶ 19. Accordingly, we find that the trial judge did not abuse his discretion or create an injustice in giving the supplemental instructions. This issue is without merit.
 

 CONCLUSION
 

 ¶ 20. We find that Howard’s challenge to the weight of the evidence is procedurally barred, and his challenge to the trial court’s supplemental jury instructions is without merit, as there is no basis to conclude that they confused or mislead the jury, induced a doubtful juror to return a
 
 *675
 
 guilty verdict, or otherwise prejudiced his case. Therefore, we affirm.
 

 ¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
 

 [1]
 

 . Although Howard did not raise this issue in a motion for new trial, precedent holds that “it is not necessary to make a motion for a new trial grounded upon errors shown in the official transcript of the record, including the pleadings, transcribed evidence, instructions, verdict and judgment of the court.”
 
 Jackson
 
 v.
 
 State,
 
 423 So.2d 129, 131 (Miss.1982) (quoting
 
 Colson,
 
 220 So.2d at 346 n. 1). Accordingly, Howard's challenge to the trial judge's supplemental jury instructions is not procedurally barred by virtue of his failure to raise it in a motion for new trial.
 

 [2]
 

 . We note that the portion of the second supplemental instruction, "your verdict should be based on the evidence that was presented from the witness stand[,]" is arguably an incorrect or incomplete statement of the law, as it could be read to exclude the consideration of evidence such as exhibits. However, we do not find this fatal to the instruction.
 
 Milano,
 
 790 So.2d at 184(14) (no error results where the instructions "fairly, but not necessarily perfectly, announce the applicable rules of law....”). Moreover, we find the verdict to be justified based solely on the testimonies of Smith and Weatherby. Therefore, any error would certainly be harmless.